[Crim. No. 2121. In Bank.—January 30, 1918.]

In the Matter of the Application on Behalf of H. SUMIDA, for a Writ of Habeas Corpus.

CRIMINAL LAW — SUNDAY CLOSING ORDINANCE — MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW.—A municipal ordinance making it a misdemeanor to keep open on any Sunday any store, workshop, bank, place of business, dance hall, pool or billiard hall, skating rink, theater, or place of public amusement, but excepting from the operation of the ordinance *bona fide* hotels, boarding-houses, lodging-houses, restaurants, bakeries, livery-stables, drug-stores, confectionery stores, ice-cream parlors, garages, transfer, railroad, telephone, telegraph, and express offices, dried or green fruit packing-houses, newspaper and periodical agencies, and also providing that in cases where an excepted business is carried on in the same room with one coming under the operation of the ordinance, the excepted business shall be kept separate and apart by a permanent partition or screen not less than seven feet in height, is a legitimate exercise of police power, and does not violate any provision of the United States or state constitution.

ID.—POLICE REGULATION—EFFECT ON PRIVATE PROPERTY.—A legitimate exercise of the police power in other respects cannot be condemned as invalid on the ground that it is an unlawful or unauthorized invasion of the right of property, or upon the ground that it is a taking of property without due process of law, or that it deprives persons of the equal protection of the laws contrary to the fourteenth amendment of the constitution of the United States.

ID.—MUNICIPAL ORDINANCE—MOTIVE FOR ENACTMENT.—An ordinance cannot be declared invalid because of the bad motives of the legislative body which enacted it, nor can the motives for the enactment be inquired into in a proceeding by *habeas corpus*.

ID.—SUSTAINING ORDINANCES.—The supreme court must hold such an ordinance lawful if it can be done on any rational theory.

ID.—SUNDAY CLOSING ORDINANCE — PURPOSE OF ORDINANCE.—Where the title of a Sunday closing ordinance declared that its purpose was to provide a day of rest one day in the week for persons pursuing certain occupations, and the securing of a day of rest for persons so engaged may have been one of its objects, and that object would have been within the police power delegated by the state to the legislative body of the municipality, the ordinance must be upheld as an exercise of the police power, unless it is unreasonable in operation, or constitutes special legislation forbidden by section 21 of article I of the constitution.

Id.—Constitutional Law—Discriminatory and Class Legislation. Such an ordinance is not discriminatory or class legislation within the principles of constitutional law applying to the subject.

Id.—Reasonable Regulation.—The provision of the ordinance which requires one carrying on a prohibited business and a permitted business in the same room to keep the permitted business inclosed by a permanent partition is not an unreasonable regulation, it being practically impossible otherwise for the authorities to detect or prevent clandestine sales in violation of the law, except by keeping an officer in the place on Sunday.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Frank Kauke, for Petitioner.

Arthur Allyn, and M. G. Gallaher, for Respondent.

SHAW, J.—The petitioner by means of this application seeks a decision of this court declaring that a certain ordinance of the town of Fowler is invalid. Fowler is a town of the sixth class. The ordinance purports to forbid the carrying on of certain occupations within said town on Sundays. Section 1 is as follows:

"That it shall be unlawful for any person, firm, corporation or association to keep open within the corporate limits of the town of Fowler, upon or on any Sunday, any store, workshop, banking house or other place of business or any public dance hall, pool or billiard hall, skating rink, theatre or any place of public amusement." Section 3 is as follows:

"The provisions of Sec. 1 hereof shall not apply or be construed to apply to persons, firms, corporations or associations who on Sunday keep open *bona fide* hotels, boarding houses, lodging houses, restaurants, bakeries, livery stables, retail drug stores, confectionery stores, ice cream parlors, garages, transfer, railroad, telephone, telegraph or express offices, dried or green fruit packing houses, newspaper or periodical agencies for the legitimate business of each. Provided, that in case one or more of the excepted businesses is carried on in the same room with any business coming within the operation of this ordinance and required thereby to be kept closed on Sunday, that the part of the room in which said excepted business is carried on, shall be separated and set apart from

the said business coming under the operation of this ordinance as aforesaid by a permanent partition or screen not less than five feet in height, and which said permanent partition or screen shall enclose and separate said place where said excepted business is carried on, from the remaining part of the room wherein the business coming under the operation of this act is operated as aforesaid.''

Section 5 declares a violation of the ordinance a misdemeanor and provides for the punishment thereof.

H. Sumida has been arrested and is imprisoned upon a charge of violating said ordinance by keeping open within said town on a certain Sunday a general merchandise store for the purpose of doing business therein.

The petitioner claims that the ordinance is contrary to section 1 of article I of the constitution, declaring that every person is entitled to acquire and possess property; section 21 of the same article declaring that no citizen or class of citizens shall be granted privileges or immunities, which, on the same terms, shall not be granted to all citizens; and section 25 of article IV, which forbids special laws upon any subject other than those specifically enumerated therein.

The title of the ordinance declares, and its terms show, that its purpose was to provide a day of rest one day in the week for those pursuing the occupations forbidden to be carried on upon Sunday. There may have been other designs in the minds of the board of trustees of the town in adopting the ordinance. But that question cannot be inquired into in this manner, nor can an ordinance be declared invalid because of the bad motives of the members of the legislative body which enacted it. It is the established law of this state that such regulations come within the police power, and are therefore lawful acts of the legislative bodies which possess that power. (*Ex parte Andrews*, 18 Cal. 683. Dissenting opinion of Field, J., in *Ex parte Newman*, 9 Cal. 521, approved in *Ex parte Andrews, supra*, and *Ex parte Koser*, 60 Cal. 188; *Ex parte Moynier*, 65 Cal. 33, 34, [2 Pac. 728].) The court must hold the ordinance lawful if it can be done upon any rational theory. As the securing of a day of rest for the persons so engaged may have been one of its objects, and as that object would have been within the scope of the police power of the state, delegated to the board of trustees of the municipality by section 11 of article XI of the constitution, the ordinance must

be upheld as an exercise of the police power, unless it appears that it is unreasonable in its operation, or that it constitutes special legislation on a subject forbidden by the constitution, or class legislation of the kind forbidden by section 21 of article I, aforesaid. If it is a legitimate exercise of the police power in these particulars, it cannot be condemned as invalid on the ground that it is an unlawful or unauthorized invasion of the right of property, or upon the ground that it is a taking of property without due process of law, or that it deprives persons of the equal protection of the laws contrary to the fourteenth amendment of the constitution of the United States.

It is a proposition too well settled to require discussion or authority in support of it, that legislation which applies generally to all persons within the territory to which the legislative power extends who come within the classification of the law, is not special legislation within the meaning of section 25 of article IV, provided the classification is one which is allowable under section 21 aforesaid. The sole question, therefore, is whether or not this ordinance is discriminatory, and class legislation, within the principles of constitutional law applying to the subject. The rules upon the subject are well established by many decisions in this state. "From necessity it has been held that the legislature may classify in order that it may adapt its legislation to the needs of the people. If this cannot be done laws will not always bear equally upon the people. This classification, however, must be founded upon differences which are either defined by the constitution or natural, and which will suggest a reason which might rationally be held to justify the diversity in the legislation. It must not be arbitrary, for the mere purpose of classification that legislation really local or special may seem to be general, but for the purpose of meeting different conditions naturally requiring different legislation." (*Darcy* v. *City of San Jose*, 104 Cal. 645, [38 Pac. 501].) "A law is general and uniform in its operation when it applies equally to all persons embraced within the class to which it is addressed, provided such class is made upon some natural, intrinsic or constitutional distinction between the persons composing it and others not embraced in it. . . . The difference on which the classification is based must be such as, in some reasonable degree, will account for or justify the peculiar legisla-

tion." (*Ex parte Miller*, 162 Cal. 698, [124 Pac. 430].) Other decisions supporting these propositions are cited in that case and need not be repeated here.

The petitioner contends that there is no sound reason for allowing bakeries, livery-stables, drug-stores, confectioneries, ice-cream parlors, garages, the offices of railroads, transfer, telephone, telegraph or express companies, dried or green fruit packing-houses, or newspaper agencies, to be kept open, which do not apply with equal force to ordinary stores, work-shops, banking-houses, and the like. There appears, however, to be a well-founded distinction between the two classes of business, one of which is allowed to keep open, and the other is required to be closed upon Sundays. Stores, work-shops, and banking-houses, and other like places, are not usually open on Sundays, and in general there is no necessity that they should be open for business on that day. But in the case of boarding-houses, lodging-houses, restaurants, bakeries, livery-stables and drug-stores, it is not only the custom that they should remain open for such business as they may do on Sundays, but there is to some extent a necessity that they should do so. Persons may be in need of accommodations from these places on Sundays for which they cannot conveniently wait until the following day, and their needs may come unexpectedly so that they cannot reasonably be required to prepare therefor prior to Sunday. While the necessity for the keeping open of confectioneries and ice-cream parlors may not be so great in cold climates, we cannot say that in the region of Fowler the daily demand for the articles sold at such places may not be so great and general as to justify the discrimination which permits them to remain open on Sundays. Nor can we declare as matter of law that there may not be equal and like cause for the discrimination in favor of bakeries, lodging-houses, garages, newspaper agencies and the public service offices excepted from the operation of the first section. The case is almost identical with *Ex parte Koser*, 60 Cal. 188. There the excepted kinds of business were hotels, boarding-houses, barber-shops, baths, markets, restaurants, taverns, livery-stables, retail drug-stores and manufacturing establishments which are usually kept in continued operation. It was held that the classification was proper and the act constitutional. The manufacturing establishments there excepted are not substantially different from the fruit-packing houses here

involved. There may be a necessity for their continuous operation during the time when the packing is going on. Of this the local legislative body must be the judge. The courts cannot say that they are wrongly included unless it appears beyond reasonable doubt that the decision was erroneous This does not appear. Hence the legislation must be upheld. *Ex parte Jentzsch,* 112 Cal. 468, [32 L. R. A. 664, 44 Pac. 803], is not in conflict with these views, nor with the other cases on the subject of Sunday closing laws. It merely holds that a law forbidding the keeping open of barber-shops and bath-houses after noon on Sundays, leaving all other occupations free, was based on an arbitrary and unjustifiable classification not founded on any reasonable or natural distinction or difference between those occupations and others which are usually followed on Sundays.

The petitioner further contends that the provision of section 3 of the ordinance requiring persons carrying on a business which is prohibited and one which is allowed in the same room, to have the permitted business inclosed by a permanent partition which shall separate it from the place where the other business is carried on, is an unreasonable regulation which makes the entire ordinance void. It appears that the petitioner is carrying on a store for the sale of general merchandise in the town of Fowler, and that in connection therewith and in the same room he maintains a soda-fountain and keeps for sale soda-water, candies, confections and bakery goods, and that the part of the store in which these articles are sold is not separated from the other portions thereof.

The answer to the proposition is that as the board of trustees has power to enact the ordinance prohibiting the operation of the general store on Sundays, it must likewise have power to adopt such regulations as may be necessary to prevent the secret or surreptitious violation of that ordinance in a manner which could not be detected without an unreasonable expense on the part of the public, and that the fact that such regulation may impose a considerable burden upon the property owner does not make the ordinance invalid. This proposition is well settled. Thus in *Ex parte Maier,* 103 Cal. 476, [42 Am. St. Rep. 129, 37 Pac. 402], the court upheld section 626 of the Penal Code, which prohibited during certain seasons of the year anyone from selling or offering for sale the hide or meat of any deer, holding that it was not

invalid because of the fact that in the particular instance the petitioner was offering deer meat for sale from a deer carcass which he had procured from Texas where the deer had been lawfully killed, and which he had imported from Texas to California. The court said that the object of the section was to prevent the sale of game killed in the state of California, and with respect to the particular provision which made such offer of sale unlawful, regardless of the place where the game was killed, the court said: "It need hardly be suggested that such a provision, if enforced, will lend great aid to the attainment of the object sought. The facility and ease with which the statutes for the protection of game have been evaded in the past is a matter of common knowledge. Deer and other game have been slaughtered during the close season and foisted upon the market as game procured without the state, and owing to the practical impossibility in the great majority of cases of proving with certainty the source from which it was procured, the attempted enforcement of the statutes for its protection has largely proven abortive." So here, it is obvious that if the petitioner is allowed to keep his general store open on Sundays, in order that he may sell therein the soda water, confections, and bread, which under the first part of the section he would be allowed to sell on Sunday, it would be easy for him to violate the law at any time by also selling other goods to persons thus patronizing him, and it would be practically impossible for the authorities to detect or prevent such clandestine sales except by keeping an officer in the store on Sunday. It is lawful for the legislative power to make such provisions in order to protect itself against such violations of its lawful police regulations and facilitate the enforcement thereof.

The result is that the ordinance must be declared valid and that the petitioner is not unlawfully imprisoned.

It is ordered that the writ be discharged and that the petitioner be remanded to the custody of the officer.

Sloss, J., Victor E. Shaw, J., *pro tem.*, and Angellotti, C. J., concurred.