[Crim. No. 1444. First Appellate District, Division One.—May 25, 1928.]

In the Matter of JAKE LOWENTHAL, on Habeas Corpus.

Lindsay & Gearhart for Petitioner.

Loren A. Butts, City Attorney, for Respondent.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, City and County of San Francisco, as *Amicus Curiae.*

TYLER, P. J.—*Habeas corpus.* Petitioner was accused of the violation of a certain ordinance of the city of Fresno which imposes certain restrictions upon the sale of uncured and uncooked meats. On application to this court he was granted a writ of *habeas corpus* by which he seeks to have determined the legality of his arrest and detention. ■
From the return filed herein it appears that petitioner was charged in the police court of the city of Fresno with the violation of Ordinance 1320 of said city as amended by Ordinance 1327 which declares in substance that it shall be unlawful and a misdemeanor, punishable by fine or imprisonment, or both, for any person to sell or offer for sale any uncured or uncooked meats, or to remove the same from any established place of business in said city, or to keep open for business any place where such meats are sold or offered for sale between the hours of 7 o'clock P. M. and 7 o'clock A. M. of the following day, or on any Sunday. That petitioner violated said ordinance and was arrested and now is held upon such charge by respondent the chief of police of said city. Petitioner seeks his release upon the ground that the ordinance which he is charged with violating is invalid and void for the reason that it is in conflict with the California Meat Inspection Law, and, therefore, contravenes the provisions of section 11 of article XI of the constitution. The law invoked was approved June 3, 1921 (Stats. 1921, p. 1269). In substance it provides that the director of agriculture is given supervision over all establishments used in the business of slaughtering and preparing animals for food purposes in the state of California, except establishments under the supervision of an inspection department of any chartered or incorporated city where inspection is made by certain qualified officers or where inspection is maintained by the bureau of animal industry of the United States department of agriculture, or under and in accordance with a county meat inspection ordinance. The state director is also given broad powers to provide suitable rules and regulations to insure a healthful, wholesome, and safe meat supply for the state of California. Section 8 of the act expressly inhibits any further restrictions than those imposed by the act itself on the sale of meats. It is conceded that the city of Fresno has never

adopted a meat inspection ordinance except it has provided by ordinance (970), among other things, that "beef, veal, mutton and pork" shall not be sold unless it has been inspected and bears the inspection stamp of the state authorities. The record is silent upon the question as to whether or not the city maintains an inspection department, though counsel for respondent claims in his brief that the board of health performs this office. Under these facts it is the claim of petitioner that the legislature of the state of California by the enactment of the Meat Inspection Law, above referred to, has indicated its intent to legislate fully upon the whole subject of meat inspection and to provide all regulations and restrictions necessary to insure to the people a pure, healthful, wholesome, and safe supply of fresh meats; that the law is a general one applicable to the city of Fresno, as such city has no department to supervise the inspection of establishments slaughtering and preparing animals for food products, no inspectors, nor any ordinance in reference thereto so as to exempt it from the operation of the law. The question of whether or not the legislature of the state, by the enactment of the Meat Inspection Law, indicated an intent to occupy the whole field of meat supply regulation within the state and the further question as to whether or not such law is operative in the city of Fresno, are questions that to our minds are not here involved. The ordinance here attacked does not in any manner attempt to prohibit or restrict the sale of meat that has been inspected according to the provisions of the state law nor does it impose any additional burdens or requirements concerning such meats. The portion of the ordinance objected to regulating the hours of sale of meats is in no manner contrary to or inconsistent with the provisions of the state law. The conduct of a meat market has always been the subject of regulation under the police power of the state or any municipality (*Ex parte Kohler,* 74 Cal. 38 [15 Pac. 436]). Any county or city may make and enforce within its limits all such local, police, sanitary or other regulations as are not in conflict with general laws. (*In re Holmes,* 187 Cal. 640 [203 Pac. 398].) The ordinance under consideration is one designed to protect the public health, and the determination by the legislative body that the regulation is essential, will not be disturbed by the courts. (*Boyd* v.

*City of Sierra Madre,* 41 Cal. App. 521 [183 Pac. 230].) Its manifest object is to prevent the sale of unfit or tainted meat at a time when those employed to safeguard the people are not on duty. The state does not attempt to regulate the hours of sale of uncooked meats, but merely deals with the subject of the slaughtering of animals. The ordinance in question in no manner trespasses upon the provisions of the state law nor is it inconsistent therewith. This is a subject that has received such general attention by the courts that we do not consider a further discussion of it to be necessary. ■ The further contention is made that the ordinance is invalid and void for the reason that the regulation sought to be imposed is unreasonable and discriminatory in that it selects one kind of meat products to the exclusion of others. There is a wide distinction between the sale of uncooked and other meat products. Fresh and uncooked meats are easily infected and it requires constant supervision to insure their wholesomeness, or abuses will arise which may seriously impair the health of the public. The exclusion of other meats or foodstuffs from the operation of the ordinance therefore does not affect any right of petitioner under the organic law, for it is a proper exercise of the police power of the city.

Writ dismissed and petitioner remanded.

Knight, J., and Parker, J., *pro tem.,* concurred.