[S. F. No. 15437. In Bank.—April 30, 1936.]

V. R. SKAGGS, etc., et al., Appellants, v. CITY OF OAK-LAND (a Municipal Corporation) et al., Respondents.

William H. Hollander and I. Richard Gladstein for Appellants.

F. Bert Fernhoff, City Attorney, and Hilton J. Melby, Assistant City Attorney, for Respondents.

CONREY, J.—The sole question here involved is that of the validity of section 5–13.024 of an ordinance enacted by the Oakland City Council relating to regulation of the bakery business (Ordinance 463 C. M. S., adding sections 5–13.021, 5–13.022, 5–13.023 and 5–13.024 to the Oakland Municipal Code, adopted December 18, 1934), which section reads as follows: "Sec. 5–13.024, hours and times of delivery of bakery goods. It shall be unlawful for any person to deliver within the City of Oakland any bakery goods on the following holidays: Sunday, New Year's Day, Washington's Birthday, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day and Christmas, or on other days between the hours of 6 p. m. and 6:30 a. m."

Plaintiff doughnut and bakery companies instituted this action against the City of Oakland, its City Council, and certain city officials, to obtain an injunction restraining enforcement of the above provision and to have it adjudged null and void. The trial court issued a temporary restraining order but sustained without leave to amend defendants' demurrer to the first amended complaint. Judgment was entered accordingly and plaintiffs appealed.

Plaintiffs allege that they are engaged in the business of manufacturing and supplying doughnuts and bakery products in the City of Oakland and that they manufacture, sell and deliver approximately 75 per cent of all fresh, wholesome doughnuts, as well as a substantial portion of all other baked goods consumed in said city. They claim that the effect of enforcement of the above provision would be virtually to destroy their business, for the reason that the major portion of their deliveries, both to retailers and direct to the con-

suming public, must be made during early morning hours in order to have the fresh product reach retailers, such as restaurants and bakeries, in sufficient time to permit of a resale to breakfast patrons and, in case of direct sales, reach consumers' tables before the breakfast hour, which begins at any time from 2:30 to 7 A. M. To start deliveries at 6:30 A. M. would be too late. Attention is called to the fact that the section does not deal with both manufacture and delivery but solely with *delivery* of baked products. Plaintiffs submit that the delivery of baked products in no way differs from delivery of other food products prepared for immediate consumption, such as ice cream, confectioneries, milk, butter, etc., all of which may be delivered at any hour without restriction.

Plaintiffs' contention that the provision was not a valid exercise of the city's police power should be sustained. It is clear that the restriction constitutes an unwarranted and unreasonable interference with the carrying on of a lawful business, and is based upon an arbitrary classification, and that it is violative of the state Constitution, article I, section 13, and the Fourteenth Amendment of the Constitution of the United States. It deprives the plaintiffs of their liberty and property without due process of law, and denies to them the equal protection of the law.

Respondents attempt to justify the enactment as a reasonable health and sanitation regulation, upon the ground that it serves a twofold purpose: First, that it restricts deliveries to reasonable times within which the food and sanitary inspectors employed by the City of Oakland may reasonably be expected to be on duty, thus enabling them to detect violations of health requirements and trace to their source impure bakery goods. Second, that it prevents door-to-door delivery of baked goods before 6:30 A. M., thus removing any danger of having such foodstuffs exposed to contaminating influences between the time of delivery and the time the consumer removes them from his doorstep. As to the first argument, it is not a valid exercise of police power to restrict unnecessarily a lawful occupation conducted in a reasonable manner, merely that it may accord with the convenience of inspectors. As to the second argument, if the regulation was designed to prevent unsanitary deliveries, in this respect it exceeded its proper scope, in that it does not merely prohibit

such delivery as might expose the product to contaminating influences, but it purports to prohibit any method of delivery, sanitary or unsanitary, of baked products during certain pre-breakfast hours.

The cases of *In re Lowenthal*, 92 Cal. App. 200 [267 Pac. 886], and *In re Gatsios*, 95 Cal. App. 762 [273 Pac. 826], cited by defendants, are not controlling. They concern only uncooked products, such as fresh uncooked meats, which are easily infected. See, also, discussion of said decisions in *Ganley* v. *Claeys*, 2 Cal. (2d) 266 [40 Pac. (2d) 817], a recent case which lends support to the holding above announced.

We assume that, other than the reasons which have been suggested by respondents, as hereinabove stated, there is no possible justification for the questioned regulation. If there was any other, doubtless it would have been brought up for consideration. We agree, of course, that before this court appropriately may pronounce invalid an attempted legislative exercise of police power, we must be able to say on our judicial knowledge that the legislative body could not have had any reasonable ground for believing that the regulation as enacted is a necessary measure of protection to the public health. (See *Dominion Hotel* v. *Arizona*, 249 U. S. 265 [39 Sup. Ct. 273, 63 L. Ed. 597], as quoted in *West Coast Theatres* v. *City of Pomona*, 68 Cal. App. 763 [230 Pac. 225].) Here it appears to us that no such reasonable ground exists.

These views make it unnecessary to pass upon the question of whether the section here involved conflicts with the general state law regulating the bakery business (Deering's Gen. Laws, vol. 1, p. 209, Act 610).

The judgment is reversed, with directions to the court below to overrule the demurrer and permit defendants to answer.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.