[Civ. No. 10410. First Appellate District, Division Two.—October 20, 1937.]

S. DORSA et al., Respondents, v. BOARD OF SUPERVISORS OF THE COUNTY OF SANTA CLARA et al., Appellants.

218

Fred L. Thomas, District Attorney, and R. V. Bressani for Appellants.

Jensen & Holstein and Robert E. Cassin for Respondents.

STURTEVANT, J.—From a judgment declaring void Ordinance 102 of the County of Santa Clara and enjoining the defendants from enforcing the same, the latter have appealed and have brought up the judgment roll. The plaintiffs are the owners of and are conducting retail meat markets in the agricultural areas of the county of Santa Clara. Said markets are located in unincorporated territory. On the 25th day of February, 1935, the Board of Supervisors of Santa Clara County adopted ordinance 102. It is as follows:

"An ordinance regulating the hours of business when and the place where, uncured and uncooked meats are sold, offered for sale, received or delivered in unincorporated territory in the County of Santa Clara, and prescribing a penalty for the violation thereof.

"The Board of Supervisors of the County of Santa Clara, do ordain as follows:

"Section One: It shall be unlawful for any person, firm, partnership, association or corporation to sell or offer for sale any uncured or uncooked meats from any established place of business in unincorporated territory in the County of Santa Clara for the purpose of sale or delivery to dealers or consumers, or for the purpose of any delivery, or to open for business any place of business in unincorporated territory in the County of Santa Clara where any uncured or uncooked meats are sold or offered for sale, or permit such place of business to be kept for business, or to receive at such place of business any uncured or uncooked meats except between the hours of seven (7) o'clock A. M. and six (6) o'clock P. M. on days other than Sunday, New Year's Day, Washington's Birthday, Decoration Day, Fourth of July, Labor Day, Admission Day, Armistice Day, Thanksgiving Day, and Christ-

mas Day; Provided, however, that in cases of a holiday falling on a Saturday, Sunday or Monday, the places of business hereinabove defined may be kept open between the hours of seven (7) o'clock A. M. and twelve (12) o'clock noon.

"Section Two: Any person, firm, or corporation violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $500.00 or by imprisonment in the County Jail for a period of not more than six months, or by both such fine and imprisonment.

"Section Three: If any section, sub-section, sentence, clause, or phrase, of this ordinance is for any reason held to be invalid, such decision or decisions shall not affect the validity of the remaining portions of the ordinance. The Board of Supervisors hereby declares it would have passed this ordinance and each section, sub-section, sentence, clause and phrase hereof irrespective of the fact that any one or more sections, sub-sections, sentences, clause or phrases be declared invalid.

Section Four: This ordinance shall take effect thirty (30) days from and after its passage.''

█ The defendants contend the ordinance is a valid exercise of the police power vested in the defendant board. It is presumed that the ordinance is valid and it is settled law that the courts should not except in a clear case, hold a legislative enactment invalid. In *Skaggs* v. *City of Oakland*, 6 Cal. (2d) 222, at page 225 [57 Pac. (2d) 478], the court said: "We agree, of course, that before this court appropriately may pronounce invalid an attempted legislative exercise of police power, we must be able to say on our judicial knowledge that the legislative body could not have had any reasonable ground for believing that the regulation as enacted is a necessary measure of protection to the public health. (See *Dominion Hotel* v. *Arizona*, 249 U. S. 265 [39 Sup. Ct. 273, 63 L. Ed. 597], as quoted in *West Coast Theatres* v. *City of Pomona*, 68 Cal. App. 763 [230 Pac. 225].)'' Therefore we will pass to a consideration of the plaintiffs' attacks on the validity of the ordinance.

Contending that the ordinance is solely an enactment requiring the closing of certain butcher shops on Sunday, the plaintiffs assert that it is invalid and they cite and rely on cases

involving statutes regulating the barber business such as *Ex parte Jentzsch*, 112 Cal. 468 [44 Pac. 803, 32 L. R. A. 664]. But looking at the entire ordinance we are unable to say it was intended to be merely a Sunday closing enactment. Any doubt on that question must be resolved in favor of the ordinance.

It is next claimed that the enactment of the ordinance was not a valid exercise of the police power. The plaintiffs cite authorities from other jurisdictions. No one of them is in point. During the argument they cited *Deese* v. *City of Lodi*, 21 Cal. App. (2d) 631 [69 Pac. (2d) 1005]. It is not in point. That case involved an ordinance which on its face showed many invalid discriminations. The ordinance before us does not do so. On the other hand, *In re Lowenthal*, 92 Cal. App. 200 [267 Pac. 886], and *In re Gatsios*, 95 Cal. App. 762 [273 Pac. 826], are very closely in point. The ordinances there discussed were closely similar to the one now being attacked and each was held to be a valid exercise of the police power. Those cases were discussed and approved by the court in *Ganley* v. *Claeys*, 2 Cal. (2d) 266 [40 Pac. (2d) 817]. In that case the court clearly showed that the barber shop rule (the one for which these plaintiffs contend) stands on a different basis than such ordinances as the one before us. On page 269 the court said: "Appellants stress two cases (*In re Lowenthal*, 92 Cal. App. 200, [267 Pac. 886], and *In re Gatsios*, 95 Cal. App. 762 [273 Pac. 826] involving and upholding ordinances requiring the closing of butcher shops between certain hours, and argue that they are controlling here. We cannot agree with this contention for two reasons. In the first place, the statute while committing to the director of agriculture the general supervision of slaughter houses and establishments used in preparing animals for food purposes, expressly conferred upon cities the right to provide for local supervision and local inspections. In the second place, regulation in the butchering business, as undertaken by the state, deals directly with the product which is subject to rigid inspection in order to secure a wholesome supply of meat, whereas in the barbering business the regulation is accomplished by limiting the practitioners to those who understand and will comply with sanitary methods adopted and approved by the state."

█ The plaintiffs call attention to the fact that a Meat Inspection Law has been enacted. (Stats. 1931, chap. 275.) It is not claimed the ordinance is such an enactment, nor that the statute and ordinance conflict, nor that the ordinance is other than a supplement to the statute. Under those circumstances the enactment of 1931 in no manner invalidates the ordinance before us. It should be noted the statute referred to by plaintiffs was repealed and that the substance thereof was reenacted in 1933 (Stats. of 1933, chap. 25). But the repeal and reenactment thereof are immaterial so far as this discussion is concerned.

█ In the next place they ask how can it be said that ordinance 102 is a health measure by merely limiting the hours when butcher shops can be open for business? The same question in effect was propounded in the case entitled *In re Gatsios, supra.* At page 765 the court said: ''The purpose of such ordinances as the one in question is the protection of public health, and the provision thereof regulating the hours of business of shops and markets where the products sold are subject to inspection by public authority, is to prevent evasion of the law during the hours when such inspectors are not on duty.'' No further reply is necessary.

It is clear that no one of the attacks on said ordinance is well founded. Therefore the judgment should be reversed. It is so ordered.

Spence, Acting P. J., and Goodell, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 19, 1937.