[Crim. No. 3062. Second Appellate District, Division One.—April 6, 1938.]

In the Matter of the Application of LEONARD BANTA for a Writ of Habeas Corpus.

Jonah Jones, Jr., for Petitioner.

John K. Hull, City Prosecutor, and Fred N. Howser, Chief Deputy City Prosecutor, for Respondent.

YORK, P. J.—Petitioner was convicted of a violation of subdivision (h) of section 27 of ordinance No. 35 (N. S.), as amended by section 2 of ordinance No. C–1491, ordinances of the city of Long Beach, in that he sold and offered for sale at his place of business uncured and uncooked meat after 6 P. M. on July 30, 1937, the aforesaid day not being Saturday. Upon application to this court he was granted a writ of *habeas corpus* by which he seeks to have determined the legality of his arrest and detention.

The section of the ordinance, above referred to, reads as follows: "It shall be unlawful for any person within the City of Long Beach to sell or offer for sale any uncured or uncooked meats at wholesale or retail, or to remove any uncured or uncooked meats from any place of business in the City of Long Beach for the purpose of sale or delivery to dealers or consumers or for the purpose of any delivery, or to receive at any place of business any uncured or uncooked meats, except that on days other than Sunday, New Year's Day, Decoration Day, Fourth of July, Labor Day, Armistice Day, Thanksgiving and Christmas, wholesale meat markets and wholesale meat dealers may sell and deliver between the hours of 6:00 o'clock a. m. and 4:00 o'clock p. m., and retailers of said meats may sell and deliver between the hours of 8:00 o'clock a. m. and 6:00 o'clock p. m.; except further that on Saturdays the lawful hours of sale, receipt and delivery for retailers shall be from 8:00 o'clock a. m. to 7:00 o'clock p. m. except when Saturday falls on any holiday above named; and except that wholesale meat markets and wholesale meat dealers may sell and deliver to ships at any hour of any day."

Petitioner contends that the above ordinance under which he is charged is unconstitutional and void for the following reasons: 1. The initiative measure was not submitted within the time provided by the city charter. 2. The ordinance was never adopted by the city council as required by section 8 of said ordinance. 3. That the ordinance is discriminatory and class legislation.

Petitioner insists that this ordinance was not submitted to a vote of the people within the time provided by the

city charter, to wit: Forty days from the date of the certificate of the city clerk as to the sufficiency of the initiative petition (subd. b, sec. 305, city charter); but that forty-one days elapsed between the date of the execution of said certificate, March 24, 1937, and the 4th day of May, when the election was held.

A stipulation was filed herein to the effect that if the city clerk of the city of Long Beach were called as a witness, he would testify as follows:

"That the City Council of the City of Long Beach has never passed Ordinance No. C–1491 in accordance with Section 8 thereof. That on the 24th day of March, 1937, the City Clerk executed his certificate to the effect that the initiative petition involved in this action was sufficient; that on the 30th day of March, 1937, said City Council refused to pass said Ordinance set forth in said petition and determined to submit said Ordinance to the vote of the qualified electors of said City at a special municipal election to be called for that purpose. That a special election was duly and regularly called and held on the 4th day of May, 1937, at which time it was found that a majority of the qualified voters voted in favor of said Ordinance."

Section 8 of section 27 of ordinance No. C–1491 provides that the "City Clerk shall certify to the passage of this ordinance by the City Council of the City of Long Beach and cause the same to be posted in three (3) conspicuous places in the City of Long Beach, and it shall take effect thirty (30) days after its final passage"; section 305 of the city charter outlines the procedure whereby the people may propose ordinances and submit them to the city council by an initiative petition. Said section 305 provides, among other things: "If the petition is shown to be sufficient by the certificate of the city clerk, he shall submit the same to the city council without delay and the city council shall either: (a) Pass the ordinance set out in said petition without alteration within ten days after the date of the city clerk's certificate of sufficiency thereon; or (b) Submit the same to a vote of the qualified electors of the city at a special municipal election to be called for that purpose within forty days from the date of said certificate. . . . *If a majority of the qualified votes cast is in favor thereof, such ordinance shall thereupon*

*become a valid and binding ordinance of the city.''* (Italics ours.)

In view of the wording of the italicized portion of said section, it seems apparent that after the passage of the ordinance by the people, any further action by either the city clerk or the city council would be unauthorized.

■ From the record it appears that the procedure outlined in said section 305 was followed, in that said election was *called* by the city clerk within forty days from the date of such certificate of sufficiency. It will be noted that the section provides that the *call* for an election to be held must be issued within forty days, and not that the election itself shall be held on a date within that period. It also appears from the said section 305 that if a general municipal election is to be held within ninety days after the clerk's certificate of sufficiency has been submitted to the city council, it would be unnecessary for the clerk to call an election. It was held in the case of *Vernon* v. *Board of Supervisors,* 142 Cal. 513 [76 Pac. 253], that an order *calling* for an election in a proper case may be rescinded at any time before the election is held. (Italics ours.)

■ As to petitioner's contention that the ordinance is discriminatory and class legislation, it is now settled in this state that the conduct of meat markets and butchershops is a proper subject of regulation under the police power of a municipality. (*In re Lowenthal,* 92 Cal. App. 200 [267 Pac. 886].) The ordinance in the cited case prohibited the sale of uncured or uncooked meats between the hours of 7 o'clock P. M. and 7 o'clock A. M. of the following day, or on any Sunday, and the court there held that ''The ordinance under consideration is one designed to protect the public health, and the determination by the legislative body that the regulation is essential, will not be disturbed by the courts. (*Boyd* v. *City of Sierra Madre,* 41 Cal App. 520, 521 [183 Pac. 230].) . . . Fresh and uncooked meats are easily infected and it requires constant supervision to insure their wholesomeness, or abuses will arise which may seriously impair the health of the public. The exclusion of other meats or foodstuffs from the operation of the ordinance therefore does not affect any rights of petitioner under the organic law, for it is a proper exercise of the police power of the city.''

In the case of *In re Gatsios,* 95 Cal. App. 762 [273 Pac. 826], an ordinance was involved which required the closing of meat markets on Sundays and Saturday nights, but authorized kosher meat markets to remain open. The court there held that the exception, allowing kosher meat markets to remain open, resulted in the granting of a privilege to one class from which the other was arbitrarily excluded. "The invalidity of the exception, however, does not necessarily affect the validity of the remaining portion of the ordinance. The supervisors had the power to adopt as a police measure an ordinance closing meat markets on Sunday and after nightfall on Saturday. Aside from the exception the ordinance is complete, and is not unreasonable, and applies without discrimination to all shops where uncured or uncooked meats are sold. It is the rule that when a proviso in the nature of an exception to an act is invalid the general provisions of the statute are not invalidated thereby unless it clearly appears that the provisions of the exception are so intimately and inherently related to and connected with the general provisions to which the exception relates that the legislative body would not have enacted the former without the latter. (*People* v. *Monterey Fish Co.,* 195 Cal. 548 [234 Pac. 398, 38 A. L. R. 1186].)"

The provision in the instant ordinance which petitioner claims results in discrimination reads as follows: "and except that wholesale meat markets and wholesale meat dealers may sell and deliver to ships at any hour of any day". So far as the record here shows, petitioner is a retail dealer in meats and, as the general provisions of the ordinance are valid as to him, as well as to all retailers and wholesale dealers of meats furnishing their product to the general public, it is not necessary for the purposes of this decision that we pass upon the constitutionality of the exception.

The writ of *habeas corpus* is discharged and the petitioner is remanded.

Doran, J., and White, J., concurred.