[Civ. No. 2600. Fourth Appellate District.—March 22, 1941.]

JUSTESEN'S FOOD STORES, INC. (a Corporation), Appellant, v. CITY OF TULARE (a Municipal Corporation) et al., Respondents.

Russell & Heid and Ward G. Rush for Appellant.

I. H. Ham, City Attorney, for Respondents.

GRIFFIN, J.—This action was brought in the superior court to obtain an injunction against the enforcement of three certain sections of a city ordinance. A general demurrer to the plaintiff's first amended complaint was sustained without leave to amend, and judgment was entered thereon, dismissing the action. This appeal followed.

The following allegations of fact, admitted to be true for the purposes of this appeal by the general demurrer of the defendants, upon which judgment was entered, appear in the plaintiff's amended complaint: On August 15, 1939, the defendants City of Tulare and City Council of the City of Tulare adopted an ordinance entitled, "An ordinance of the City of Tulare providing for the inspection of uncured or uncooked meats and for the condemnation and destruction of the same when found unwholesome or deleterious as food, establishing opening and closing hours for places of business selling uncured or uncooked meats, regulating such places of business, making a violation hereof a misdemeanor and prescribing a penalty therefor." Section 1 declares that the public health of the people of the City of Tulare requires that stores and markets dealing in uncured and uncooked meats be regulated. Section 2 provides:

"It shall be unlawful for any person, firm, association or corporation within the City of Tulare to sell or offer for sale any uncured or uncooked meats except between the hours of 7:30 o'clock a. m. and 6 o'clock p. m. on days other than Saturday, Sunday, New Year's Day, Washington's Birthday, Decoration Day, Fourth of July, Labor Day, Armistice Day, Thanksgiving Day and Christmas, and except between the hours of 7:30 a. m. and 9 o'clock p. m. on Saturday, and except that shipments of such meats may be made out of the City in wholesale lots at any time."

Section 3 provides:

"It shall be unlawful for any person, firm, association or corporation maintaining, or who may hereafter maintain, any store, place of business or establishment, in the City of Tulare, engaging in the business of selling or offering for sale uncured or uncooked meats, to keep such store, place of business or establishment open for the transaction of business to any extent whatever, or permit such store to be kept open for business, or to receive at such store, place of business or establishment any uncured or uncooked meats, or to remove from such store, place of business or establishment any uncured or uncooked meats for the purpose of sale or delivery, except between the hours" designated in section 2.

Section 4 provides:

"In the event one or more other businesses is carried on in the same room with any business coming within the provisions of Section 3 of this Ordinance, and the person, firm, association or corporation operating such other business or businesses desires to operate the same on" the holidays or during the hours mentioned "the part of the room in which said other business or businesses is carried on shall be separated and set apart from the said business coming under the provisions of Section 3 of this Ordinance, by a permanent partition not less than seven (7) feet in height, and said partition shall enclose and separate said place where said other business or businesses is carried on from the remaining part of the room or space where the business coming under the provisions of said Section 3 is conducted."

Appellant alleges and claims that for more than eleven years it has conducted in the City of Tulare the business of buying and selling all commodities usually carried in an ordinary general grocery store, and supplied merchandise and

commodities to the residents of the City of Tulare and suburban and agricultural districts adjacent to that city; that respondents threaten to enforce the above-mentioned ordinance against them and thereby prevent them from selling, receiving, delivering or offering for sale in the City of Tulare not alone fresh meats but also any foods of any kind intended for human consumption on any holiday mentioned in the ordinance or on Sunday, or between the hours of 6 p. m. and 7:30 a. m. on any week day unless it shall construct and maintain a permanent partition not less than seven feet in height separating the space where it is selling uncooked meats from the space where it is selling other commodities, thus in practical effect requiring its fresh meat business to be conducted in a separate building or room from its general grocery business. It is claimed that if this ordinance is enforced and a portion of its premises is required to be separated from the other portion of the premises it will be thereby prevented from selling such merchandise at the times when said portion of the premises will be required to be closed by the partition required by the ordinance.

Appellant relies upon the following for a reversal of the judgment: that sections 2, 3 and 4 of the ordinance are in derogation of the Constitution of the United States (sec. 1, art. XIV), and of the Constitution of the State of California (secs. 1 and 13, art. I) in that they deprive the appellant of its liberty and property without due process of law.

Appellant concedes that municipalities in the exercise of their police power may pass and enforce nondiscriminatory closing ordinances where they substantially aid in preserving the public health, morals or general welfare, and admits that a general Sunday closing ordinance has been upheld when applied to every business and industry in the community, except public utilities, restaurants and other businesses which of necessity must be operated on a seven-day basis, under the theory that such an ordinance conserves public health by establishing a community day of rest, citing *In re Sumida*, 177 Cal. 388 [170 Pac. 823], and *Ex parte Koser*, 60 Cal. 177; but on the other hand contends that where a Sunday closing law, such as the instant one, singles out single industries, or is discriminatory because of the character of the exceptions, it is void, citing *Deese* v. *City of Lodi*, 21 Cal. App. (2d) 631 [69 Pac. (2d) 1005], and other similar cases.

It is further argued that in the instant case a municipality has no plenary power to regulate or restrict the hours of an isolated business unless such regulation serves to promote the public health, morals or general welfare; that the sale of fresh meats involves no issue of public morals and no fire hazard; that the only conceivable concern of the city is that the meats be wholesome and that they be what they pretend to be; that no regulation of hours or days of sale will *per se* tend to increase the quality and wholesomeness of meats sold, nor will it tend to eliminate fraud, citing *Ex parte Whitwell*, 98 Cal. 73 [32 Pac. 870, 35 Am. St. Rep. 152, 19 L. R. A. 727], *Lisichin v. Andrews*, 26 Fed. Supp. 882, *Skaggs v. City of Oakland*, 6 Cal. (2d) 222 [57 Pac. (2d) 478], and *Justesen's Food Stores, Inc., v. City of Tulare*, 12 Cal. (2d) 324 [84 Pac. (2d) 140].

It is also argued that if the several decisions of the District Courts of Appeal (*In re Lowenthal*, 92 Cal. App. 200 [267 Pac. 886], *In re Gatsios*, 95 Cal. App. 762 [273 Pac. 826], *Dorsa v. Board of Supervisors, etc.*, 23 Cal. App. (2d) 217 [72 Pac. (2d) 912], and *In re Banta*, 25 Cal. App. (2d) 622 [78 Pac. (2d) 243]) have held that the hours of sale of uncooked and uncured meats may be restricted upon the theory that the object of the ordinance was to prevent the sale of unfit or tainted meats at a time when meat inspectors were not on duty, because of the opinions in *Justesen's Food Stores, Inc., v. City of Tulare, supra,* and *Skaggs v. City of Oakland, supra,* being rendered after all of the above-mentioned decisions, that the decisions of the District Courts of Appeal were thereby overruled because therein it is expressly stated in the opinions that the regulation of hours of business cannot be governed by the necessity of conforming to the inspector's convenience.

An ordinance of the City of Tulare, somewhat similar but different in effect and operation from the one before us, was before the Supreme Court for consideration and was held to be invalid in part in the case of *Justesen's Food Stores, Inc., v. City of Tulare, supra.* Another ordinance has been since adopted by that city by which it has endeavored to eliminate the objectionable features pointed out by that decision. That ordinance is now before us for a construction as to its validity.

The principles governing courts in determining the validity of legislative enactments under the due process of

law clause are clearly defined. A legislative body, in the exercise of its police power, has a broad discretion to determine both what public interests are and the measures necessary for the protection of such interests. The determination of the need for a mode of exercising the power is primarily for the legislative body and the courts will not hold enactments invalid unless they are palpably unreasonable, arbitrary or capricious, having no tendency to promote the public welfare, safety, morals, or general welfare. Every presumption is in favor of the reasonableness of the law and its validity. ■ A court is not concerned with the wisdom or policy of the law and cannot substitute its judgment for that of the legislative body. If reasonable minds might differ as to the reasonableness of the regulation, the law must be upheld. (*Miller* v. *Board of Public Works*, 195 Cal. 477 [234 Pac. 381, 38 A. L. R. 1479]; *Nebbia* v. *People of the State of New York*, 291 U. S. 502 [54 Sup. Ct. 505, 78 L. Ed. 940]; *Agricultural Prorate Commission* v. *Superior Court*, 5 Cal. (2d) 550, 579 [55 Pac. (2d) 495].)

■ It will now be in order to examine the nature of the regulations in the light of the subject matter upon which they are operative and the ends sought to be achieved, and to determine whether it can be said that the City Council of Tulare acted in an arbitrary and capricious manner. In so doing, we may first consider the nature of establishments conducting a general grocery business and in particular only those including a meat department, to which type of establishment the problems arising on this appeal should be limited. We are convinced that appellant's argument that the cases of *Justesen's Food Stores, Inc.,* v. *City of Tulare, supra,* and *Skaggs* v. *City of Oakland, supra,* overrule prior appellate court decisions which hold that the hours of selling uncooked and uncured meats may be restricted, must be rejected as untenable. In fact, these two cases support, rather than overrule the prior decisions.

In *Justesen's Food Stores, Inc.,* v. *City of Tulare, supra,* it was said (p. 329):

"The conduct of meat markets has always been the subject of regulation under the police power of the state or a municipality. (*In re Lowenthal*, 92 Cal. App. 200 [267 Pac. 886].) A city has full power, under the Constitution (art. XI, sec.

11), to adopt and enforce laws having for their object the protection and preservation of the health of the people."

The case of *Skaggs* v. *City of Oakland, supra,* involved an ordinance restricting the hours of delivery of bakery products. The correctness of the decision of *In re Lowenthal, supra,* was not denied and the court said:

"The cases of *In re Lowenthal,* 92 Cal. App. 200 [267 Pac. 886], and *In re Gatsios,* 95 Cal. App. 762 [273 Pac. 826], cited by defendants, are not controlling. They concern only uncooked products, such as fresh uncooked meats, which are easily infected." (See, also, *Ganley* v. *Claeys,* 2 Cal. (2d) 266 [40 Pac. (2d) 817].)

Sections 2 and 3 of the ordinance as now presented apply to all persons, firms, associations or corporations who sell or offer for sale any uncured or uncooked meats, and all persons, firms, associations or corporations maintaining any store, place of business or establishment in the City of Tulare engaged in the business of selling uncured or uncooked meats. It will be noted that the objectionable feature of the previous ordinance, i. e., that it did not apply to all dispensers of uncured and uncooked meats alike and that it applied to uncured and uncooked meats *and other foods,* has been removed and it is now made applicable to all such classes and now applies only to uncured and uncooked meats rather than uncured and uncooked meats *and other foods.*

By the reported decisions it has been clearly established that there is a need for rigid and frequent inspections by skilled public inspectors of fresh meats carried in meat markets and butcher shops to prevent the sale of impure or tainted meats and that the province of such inspections is to safeguard the public health; that this constitutes an eminently proper subject for the exercise of the police power; to make such inspections efficacious in the protection of the public health it is necessary and reasonable to make regulations to insure that the meat markets and butcher shops shall not be open except at specified reasonable hours; and that in the exercise of the police power the legislative body has a broad discretion to determine not only what the public need is, but the mode or measure by which such need shall be safeguarded. Its determination will be overthrown only when it is arbitrary and capricious.

The validity of sections 2 and 3 of the ordinance is not now open to question as being in violation of article XIV, section 1 of the Constitution of the United States or article I, sections 1 and 13 of the Constitution of the State of California.

Section 4 of the ordinance relating to the cases where a separate business is carried on in the same room with one coming under the operation of the ordinance, provides that the separate business shall be kept separate and apart by a permanent partition not less than 7 feet in height, and is a legitimate exercise of the police power. It does not violate any provision of the United States or State Constitutions. This was clearly established by our Supreme Court, respecting Sunday closing of certain stores, etc., in *In re Sumida, supra,* involving a similar provision of an ordinance which provided ''that in case one or more of the excepted businesses is carried on in the same room with any business coming within the operation of this ordinance and required thereby to be kept closed on Sunday, that the part of the room in which said excepted business is carried on, shall be separated and set apart from the said business coming under the operation of this ordinance as aforesaid by a permanent partition or screen not less than five feet in height, and which said permanent partition or screen shall enclose and separate said place where said excepted business is carried on, from the remaining part of the room wherein the business coming under the operation of this act is operated as aforesaid.'' There the court said, speaking through Mr. Justice Shaw:

''The answer to the proposition is that as the board of trustees has power to enact the ordinance prohibiting the operation of the general store on Sundays, it must likewise have power to adopt such regulations as may be necessary to prevent the secret or surreptitious violation of that ordinance in a manner which could not be detected without an unreasonable expense on the part of the public, and that the fact that such regulation may impose a considerable burden upon the property owner does not make the ordinance invalid. This proposition is well settled. . . . So here, it is obvious that if the petitioner is allowed to keep his general store open on Sundays, in order that he may sell therein the soda water, confections, and bread which under the first part of the section he would be allowed to sell on Sunday, it would

be easy for him to violate the law at any time by also selling other goods to persons thus patronizing him, and it would be practically impossible for the authorities to detect or prevent such clandestine sales except by keeping an officer in the store on Sunday. It is lawful for the legislative power to make such provisions in order to protect itself against such violations of its lawful police regulations and facilitate the enforcement thereof. The result is that the ordinance must be declared valid. . . . ''

In view of the decisions, we are unable to hold that the regulation in regard to the partition is unreasonable. It therefore must follow that the ordinance cannot be held invalid under the rule regarding the due process of law clause enunciated in *Miller* v. *Board of Public Works, supra,* to the effect that, when the necessity or propriety of an enactment is a question upon which reasonable minds might differ, the propriety and necessity of such an enactment is a matter of legislative determination. This holding has been repeatedly affirmed by later decisions of this court. Resolving every possible presumption in favor of the validity of the ordinance, appellant has not sustained its burden of alleging and showing that the city council acted in an arbitrary manner.

For the reasons expressed the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.