100 Cal.App.2d Supp. 859 (1950)
ANTHONY BALLARINI, Respondent,
v.
SCHLAGE LOCK COMPANY (a Corporation) et al., Appellants.
California Court of Appeals. 
Nov. 17, 1950.
 Littler, Coakley & Lauritzen for Appellants.
 Elmer P. Delany for Respondent.
 KAUFMAN, J.
 This is an appeal from a judgment of the municipal court in favor of plaintiff and respondent upholding the validity and constitutionality of section 5699 of the Elections Code of the State of California. [100 Cal.App.2d Supp. 861]
 Said Elections Code section reads as follows: "Every voter shall, on the day of every general, direct primary or presidential primary election at which he is entitled to vote, be entitled to absent himself from any service or employment in which he is then engaged for two consecutive hours between the time of opening and the time of closing the polls. The voter shall not, because of so absenting himself, be liable to any penalty, nor shall any deduction be made on account of such absence from his usual salary or wages."
 The record before us shows that plaintiff is a member of Lodge 1327 Association of Machinists, and prosecutes this action as an assignee and on behalf of 48 assignor members of the association who took time off (two hours) on November 8, 1948, a general election day, falling within the provisions of Elections Code, section 5699. This action is to recover their wages for the time taken off pursuant to the provisions of Elections Code, section 5699.
 Appellants, who are the employers of the 48 members of the Machinists Association contend that Elections Code, section 5699, is void and unconstitutional insofar as it provides that no deduction shall be made on account of the worker's absence on election day from his salary or wages.
 Similar election code provisions contained in the laws of sister states have been passed upon by the courts of those states and such provisions have been upheld in some states and declared void in others.
 Our Elections Code, section 5699, was first adopted by the Legislature in 1891, and has been on our statute books ever since. It has never until now been under attack before our courts.
 [1] In considering the validity of such a statute it is well to note that the state may exercise its police power whenever the public interests demand it, and in this particular, a large discretion is necessarily vested in the Legislature to determine not only what the interests of the public require, but what measures are necessary for the protection of such interests. (See Barrett v. State of New York, 220 N.Y. 423 [116 N.E. 99, Ann.Cas. 1917D 807]; People v. Ford Motor Co., 271 App.Div. 141 [63 N.Y.S.2d 697].)
 [2] To justify the state in thus interposing its authority on behalf of the public, it must appear, first, that the interest of the public generally, as distinguished from those of a particular class, require such interference; and second, that the [100 Cal.App.2d Supp. 862] means are reasonably necessary for the accomplishment of that purpose, and not unduly oppressive upon individuals. (See Lawton v. Steels, 152 U.S. 133 [14 S.Ct. 499, 38 L.Ed. 385].)
 [3] The State of California is, of course, entitled to take measures to deal with the rights of its citizens to exercise the legislative franchise, a subject matter which, under our form of government, is all important and is itself a primary act of sovereignty. Surely, any law that has for its purpose the insuring of a full and free performance of the right of elective franchise is in the public interest and tends to promote the general welfare of all of the citizens of the state. [4] Such a law would be a proper exercise of the state's police power.
 [5] In passing on the validity of the statute here involved we must have in mind that there is a strong presumption that the statute is constitutional.
 In Justesen's Food Stores v. City of Tulare, 43 Cal.App.2d 616 [111 P.2d 424], the court held: "A legislative body, in exercise of its police power, has a broad discretion to determine ... the measures necessary for protection of public interests. The determination of a need for a mode of exercising the power is for the legislative body and courts will not hold enactments invalid unless they are palpably unreasonable, arbitrary or capricious, having no tendency to promote the public welfare, safety, morals, or general welfare. Every presumption is in favor of reasonableness of the law and its validity."
 "A court is not concerned with the wisdom or policy of the law and cannot substitute its judgment for that of a legislative body. If different minds might differ as to reasonableness of the regulation, the law must be upheld."
 Bearing in mind that the statute here under consideration has been on the books since 1891, can it not be said that all employment contracts, either oral or written, express or implied, are entered into subject to said statute and in effect incorporating the terms of said statute.
 In Mott v. Cline, 200 Cal. 434-435 [253 P. 718], it was held: "The police power, being in its nature a continuous one, must ever be reposed somewhere, and cannot be barred or suspended by contract or irrepealable law. ... It is to be presumed that parties contract in contemplation of the inherent right of the state to exercise unhampered the police power that the sovereign always reserves to itself for the protection [100 Cal.App.2d Supp. 863] of peace, safety, health and morals. Its effect cannot be nullified in advance by making contracts inconsistent with its enforcement."
 "All applicable laws in existence when an agreement is made necessarily enter into and form a part of it as fully as if they were expressly referred to and incorporated in its terms." (See Wing v. Forest Lawn Cemetery Assoc., 15 Cal.2d 472 [101 P.2d 1099, 130 A.L.R. 120].)
 [6] The settled law of the land at the time a contract is made becomes a part of it and must be read into it. (See Weinreich Estate Co. v. Johnston Co., 28 Cal.App. 144 [151 P. 667]; 4 Cal.Jur. 10-Yr.Supp. (1943 Rev.) 138.)
 In Brown v. Ferdon, 5 Cal.2d 231 [54 P.2d 712], the court said: "It is settled that all of the laws of a state existing at the time a contract is made which affect the rights of the parties to the contract enter into and become a part of it, and are as obligatory upon all courts which assume to give a remedy on such contracts as if they were referred to or incorporated in the terms of the contract."
 In Gardner v. Rich Mfg. Co., 68 Cal.App.2d 725, 730 [158 P.2d 23], the court held: "Orders [of the Railroad Commission; establishing and fixing schedules of minimum rates, rules and regulations ... become a part of every contract between a highway contract carrier and the shipper."
 In Keating v. Preston, 42 Cal.App.2d 110 [108 P.2d 479], the court held [as stated in the syllabus], in construing a lease: "Penal Code, section 337a, relating to pool selling, bookmaking, etc., is deemed to constitute a part of a lease of premises for use in the restaurant business."
 [7] It is, therefore, our considered opinion that Elections Code, section 5699, is valid and constitutional because:
 1. It is a valid exercise of the state's police power as being in the public interest and promoting the public welfare and,
 2. Said Elections Code is as much a part of every employment contract entered into and to be performed in the State of California as though expressly incorporated in said employment contract.
 [8] Appellant makes the additional contention that on the trial in the court below some 14 of plaintiff's assignors failed to appear and that the record is barren of any evidence as to whether they took any time off for the purpose of voting on election day. With this contention we agree, and we find [100 Cal.App.2d Supp. 864] from the record that these assignors were allowed $18.67 in the lower court's judgment. The judgment must, therefore, be reduced by this amount.
 In view of the foregoing the judgment of the lower court is reduced to the sum of $80.02, and as so reduced it must be, and it is hereby affirmed.
 Griffin, P. J., and Murphy, J., concurred.