Jones et al. v. Black et al.

---

### JONES ET AL. *vs.* BLACK ET AL.

[APPEAL FROM ORDER REFUSING TO DISSOLVE INJUNCTION RESTRAINING THE HOLDING OF AN ELECTION, &C.]

1. *Act of legislature; when will not be declared unconstitutional.*—A statute will not be declared unconstitutional on the application of a mere volunteer, or person whose rights it does not specially affect. This will only be done in a proper case where some person seeks to resist the operations of the statute, and calls in the judicial power to pronounce it void as *to him, his property or his rights.*

2. *Election, holding of; when will not be enjoined on bill filed by individual electors.*—The holding of an election will not be enjoined, upon the allegation that the act under which it is to be held is unconstitutional, on a bill filed by individual electors in their own names, they not showing any injury or damage to themselves in person, property or rights.

APPEAL from the Chancery Court of Bullock.
Heard before Hon. B. B. McCRAW.

On the 27th day of January, 1872, the general assembly of Alabama passed "An act to establish a criminal court for the county of Bullock, with criminal and civil jurisdiction." This act provides, among other things, that an election for judge of said court should be held by the sheriff on the first Tuesday after the first Monday in June, 1872, in the same manner that elections are held for judges of the circuit court. The manner in which the election shall be conducted, or the law under which it was to be held, were not otherwise provided.

On the 26th of February, 1872, the general assembly

passed "An act to regulate elections in the State of Alabama," which repeals the "act to regulate elections in this State," approved October 8th, 1868, and all laws and parts of laws in conflict with the act of 26th February, 1872, except as to pending contests of election, under the act of 1868.

At the time of the filing of the bill in the present case, the appellants, Jones, Glover and Smith, had been regularly appointed and qualified inspectors of precinct four, in Bullock county, to hold the election for judge of the criminal court, and had advertised that said election would be held under the provisions of said "act to regulate elections in the State of Alabama," approved February 26th, and, as the bill alleged, would hold the election under that act, unless restrained, &c.

The appellees, N. H. Black, J. T. Kinchen and T. H. Harvey, who described themselves as "resident male citizens of the county of Bullock, and State of Alabama, over twenty-one years of age, and qualified electors thereof," file their bill, making said inspectors parties defendant, and praying that they be enjoined from holding said election, under the provisions of the act of February 26th, 1872, or under any other law than the election law of October, 1868.

The equity of the bill is made to rest solely on the allegation that the "act to regulate elections in the State of Alabama," approved February 26th, 1872, is unconstitutional and void, and therefore does not repeal the act to regulate elections, approved October 8th, 1868. The bill alleges, that the enrolled bill, signed by the president of the senate and speaker of the house, and approved by the governor, never passed both houses of the general assembly, and did not go through the forms required by the constitution to give it validity as a law; that certain important and material amendments, made in the senate, were omitted from the enrolled bill signed by the presiding officers of the two houses and by the governor. The bill sets forth with particularity the various objections to the bill, and also gives the omitted amendments. The matters relied

on to establish its invalidity are the same as those urged against the "act to regulate elections in the State of Alabama," approved February 26th, 1872, in the case of *Moody v. The State*, (reported on page 115 of this volume,) wherein said act was declared unconstitutional at a day subsequent to the decision in the present case. As these objections are there set forth in full, it is unnecessary to state them more particularly than has already been done in the present case.

The appellees having obtained a *fiat* for injunction from a chancellor, and having given bond, &c., an injunction issued as prayed for.

The defendants answered the bill, and admitted all its allegations, save as to the omitted amendments and other matters set up as a reason why the act of February 26th, 1872, should be held invalid, and insisted that said act was a valid law. They also demurred to the bill, on the ground that it showed that said act of the 26th of February, 1872, was a valid law, and repealed the act of October 18th, 1868.

A motion was made in vacation before the chancellor to dissolve the injunction. Neither the motion or the grounds upon which it was based are set out in the record. The chancellor overruled the motion, and hence this appeal.

C. L. J. CUNNINGHAM, for appellants.
RICE, CHILTON & JONES, *contra*.

PECK, C. J.—The power of the courts to declare an act of the legislature unconstitutional and void, is too well established at the present day to be doubted; but it is a highly responsible and delicate power, and never to be exercised, unless the exigencies of the particular case require it. While the courts can not, and ought not to shun or avoid the discussion of constitutional questions, when fairly presented, they will not, and should not, go out of their way to find such topics. They will not seek to draw in such weighty matters on trivial occasions; neither will they, as a general rule, pass upon a constitutional question and decide a statute to be invalid, unless a decision upon the

very point becomes necessary to the determination of the particular case. It is both more proper, and more respectful to a co-ordinate independent department of the government, to discuss constitutional questions only when that is the very *lis mota;* when the particular case in hand can only be disposed of by deciding the constitutional question.—Cooley's Con. Lim. 160, 163–4, and the cases cited.

Nor will a court listen to an objection made to the constitutionality of an act of the legislature by a party whose rights it does not specially effect. An act of the legislature will be assumed to be valid, until some one complains whose rights it invades; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, *as to him, his property or his rights,* that the objection of constitutionality can be presented and sustained.—Cooley, page 164; *Dejarnette v. Haynes,* 23 Miss. 600; *Dorman v. The State,* 34 Ala. 216, 249, and the cases cited.

A party who seeks to have an act of the legislature declared unconstitutional, must not only show that he is, or will be injured by it, but he must also show how and in what respect he is or will be injured and prejudiced by it. Injury will not be presumed; it must be shown.—The cases *supra.*

The complainants in their bill state, that they are resident male citizens of the county of Bullock, and State of Alabama, over the age of twenty-one years, and duly qualified electors in and for said county and state; but they do not state how or in what manner they are or will be injured or prejudiced at all, *either in their persons, their property or their rights,* by the election of a judge of the criminal court of the said county of Bullock, under what they call a pretended election law, purporting to have been passed by the legislature of Alabama, and to have been approved by the governor of Alabama on the 26th day of February, 1872, entitled "An act to regulate elections in the State of Alabama," contained in the printed acts of the legislature of Alabama for the years 1871–72.

For aught that appears in complainants' bill, they are mere volunteers, and therefore have no right to invoke the extraordinary powers of a court of chancery, in a matter in which they have no interest not common to all the people of the county of Bullock, if not common to all the people of the State of Alabama. As well might a party file his bill to prevent or restrain a public nuisance, without showing any personal individual injury to himself. In case of public nuisances, courts of equity have undoubted jurisdiction, and will interfere upon the information of the attorney-general, or upon the application of private parties *directly affected* by the nuisance.—2 Story's Eq. § 924; *The State v. The Mayor and Aldermen of Mobile,* 5 Porter, 279; *Roper v. Randolph,* 7 Por. 283; *The Mayor and Council of Columbus v. Rogers et al.,* 10 Ala. 37.

I have found no case, and none has been cited, where individuals have been permitted to invoke the aid of a court of chancery in a case like the present. The counsel for the complainants have referred to the cases of *Osborn et al. v. The President, Directors and Company of the Bank of the United States,* (9 Wheat. 738,) and *The City Council of Montgomery,* (39 Ala. 162.) I have examined these cases, and feel constrained to say they fail to sustain the bill of complaint in this case. In each of these cases, the bill clearly disclosed an interest and an injury to the complainants, and particularly in what the alleged injury consisted.

It is the unanimous opinion of the court that the injunction in this case was unadvisedly granted, and should have been dissolved on the motion of the defendants; and this court, proceeding to render such decree in the premises as should have been rendered by the chancellor in this behalf, do order, adjudge and decree, that the injunction heretofore granted in this case be, and the same is, hereby dissolved. It is further ordered, adjudged and decreed, that the appellees pay the costs of this appeal in this court, and in the chancery court.