## DOMINION HOTEL, INCORPORATED, v. STATE OF ARIZONA.

ERROR TO THE SUPREME COURT OF THE STATE OF ARIZONA.

No. 178. Submitted March 11, 1919.—Decided March 24, 1919.

Under the equal protection clause, a State may do what it can to prevent what is deemed an evil and stop short of those cases in which the harm to the few concerned is thought less important than the harm to the public that would ensue if the rule were made mathematically exact. P. 268.

A law of Arizona (Penal Code, par. 717), placing restrictions upon the hours of labor of women in hotels, with penalties upon hotel-keepers for infractions, excepts in part railroad restaurants or eating-houses upon railroad rights of way and operated by or under contract with any railroad company. *Held*, that the court cannot say, upon its judicial knowledge, that the legislature had no adequate ground for the distinction; possibly one might be found in the need of adjusting the service in the excepted restaurants to the hours of trains. *Id.*

18 Arizona, 345, affirmed.

THE case is stated in the opinion.

*Mr. Harvey M. Friend* for plaintiff in error. *Mr. S. H. Morris* and *Mr. James R. Malott* were on the brief:

The classification bears no relation to the purpose of the law. The undeniable effect of the statute, as it was construed by the Arizona courts, is to impose upon some employers of female labor a restriction on their right to contract with their employees that is not imposed upon all employers of the same class. The plaintiff in error was held to be and now is guilty of a misdemeanor if it permits its waitresses to serve meals from 7 a. m. to 10 a. m., from 12 m. to 2 p. m., and from 6 p. m. to 8:30 p. m., since those hours of work cover a greater period than twelve hours; but a railroad eating-house, which may be a competitor, catering to the same class of trade and located

just across the street, can permit its waitresses to work
the same hours without fear of prosecution, since it comes
within the class favored by the law. To avoid prosecu-
tion the plaintiff in error is compelled either to hire an
extra shift of waitresses to serve one meal, to employ less
efficient and more expensive male employees, or to close
its plant for a part of the few customary meal hours during
which it is operated.

It has been repeatedly determined that one of the es-
sential elements of classification as distinguished from
discrimination in legislation is that the classification shall
be based upon a distinction having reference to the sub-
ject-matter of the legislation. *Gulf, Colorado & Santa Fe
Ry. Co.* v. *Ellis,* 165 U. S. 150; *Atchison, Topeka & Santa
Fe Ry. Co.* v. *Matthews,* 174 U. S. 96, 105; *Yick Wo* v.
*Hopkins,* 118 U. S. 356; *Atchison, Topeka & Santa Fe
Ry. Co.* v. *Vosburg,* 238 U. S. 56, 59. An application of
the rule to a set of facts somewhat similar to those existing
in the present case was recently made in the case of *State*
v. *Le Barron,* 24 Wyoming, 519. The nature of the em-
ployment of waitresses in railroad restaurants is not dif-
ferent from that in other restaurants. And under the facts
of the present case, the plaintiff in error might be said to
operate a railroad restaurant except for the single question
of ownership. A railroad restaurant caters to the same
class of persons and at the same hours as the plaintiff in
error. The plaintiff in error served transients arriving
on an evening train and departing on a morning train.
Moreover, as plaintiff in error offered to show, it oper-
ated its restaurant at the hours complained of by the State,
for the convenience of these transients. We further of-
fered to show that the restaurant in question was located
near the railroad station. On the question of whether
ownership alone constitutes a sufficient ground for the
classification of restaurants, see *Vandalia R. R. Co.* v.
*Stillwell,* 181 Indiana, 267, in which the Supreme Court

of Indiana declared that "the character of the employment, and not the character of the employer, must be the true test." That case was affirmed without opinion by this court. 239 U. S. 637.

The law does not apply to all members of the same class. As we have already shown, the law divides restaurants into two divisions—railroad restaurants and all others. But that such a sub-classification cannot be legally made has been repeatedly decided by the courts. *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Powell* v. *Pennsylvania*, 127 U. S. 678; *State* v. *Julow*, 129 Missouri, 163; *State* v. *Miksicek*, 225 Missouri, 561; *Schmalz* v. *Wooley*, 56 N. J. Eq. 655; *Block* v. *Schwartz*, 27 Utah, 387; *Randolph* v. *Wood*, 49 N. J. L. 85; *Bedford Quarries Co.* v. *Bough*, 168 Indiana, 671; *Johnson* v. *St. Paul &c. R. R. Co.*, 43 Minnesota, 222.

*Mr. Wiley E. Jones*, Attorney General of the State of Arizona, and *Mr. Samuel Herrick* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an information alleging that the defendant, the plaintiff in error, was engaged in the hotel business and permitted a woman to work in the hotel for eight hours and that the "said eight hours of work was not then and there performed within a period of twelve hours," with a denial that the defendant was within the exceptions made by the statute governing the case. The statute provides as follows: "Provided further, that the said eight hour period of work shall be performed within a period of twelve hours, the period of twelve hours during which such labor must be performed not to be applicable to railroad restaurants or eating houses located upon railroad rights of way and operated by or under contract

with any railroad company." Penal Code of Arizona, Paragraph 717. The defendant by demurrer and otherwise set up that the exceptions in the statute made it void under the Fourteenth Amendment of the Constitution of the United States as depriving the defendant of the equal protection of the laws. There was a trial and judgment against the defendant which was sustained by the Supreme Court of the State, Arizona.

The Fourteenth Amendment is not a pedagogical requirement of the impracticable. The equal protection of the laws does not mean that all occupations that are called by the same name must be treated in the same way. The power of the State "may be determined by degrees of evil or exercised in cases where detriment is specially experienced." *Armour & Co.* v. *North Dakota,* 240 U. S. 510, 517. It may do what it can to prevent what is deemed an evil and stop short of those cases in which the harm to the few concerned is thought less important than the harm to the public that would ensue if the rule laid down were made mathematically exact. The only question is whether we can say on our judicial knowledge that the legislature of Arizona could not have had any reasonable ground for believing that there were such public considerations for the distinction made by the present law. The deference due to the judgment of the legislature on the matter has been emphasized again and again. *Hebe Co.* v. *Shaw,* 248 U. S. 297, 303. Of course, this is especially true when local conditions may affect the answer, conditions that the legislature does but that we cannot know. *Cusack Co.* v. *Chicago,* 242 U. S. 526, 530, 531.

Presumably, or at least possibly, the main custom of restaurants upon railroad rights of way comes from the passengers upon trains, that stop to allow them to eat. The work must be adjusted to the hours of the trains. This fact makes a practical and, it may be, an important

distinction between such restaurants and others.  If in its theory the distinction is justifiable, as for all that we know it is, the fact that some cases, including the plaintiff's, are very near to the line makes it none the worse. That is the inevitable result of drawing a line where the distinctions are distinctions of degree; and the constant business of the law is to draw such lines.  "Upholding the act as embodying a principle generally fair and doing as nearly equal justice as can be expected seems to import that if a particular case of hardship arises under it. in its natural and ordinary application, that hardship must be borne as one of the imperfections of human things."  *Louisville & Nashville R. R. Co.* v. *Barber Asphalt Co.*, 197 U. S. 430, 434.  We cannot pronounce the statute void.

*Judgment affirmed.*