HELEN M. KANE ET AL. v.
JOHN EGAN, STATE LABOR COMMISSIONER, ET AL

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 75504

Memorandum filed March 11, 1947.

*Frank R. Odlum,* of Hartford, for the Plaintiffs.

*Thomas J. Conroy,* Assistant Attorney General, for the Defendants.

CORNELL, J. The complaint seeks a judgment declaring invalid that provision of General Statutes, Cum. Sup. 1935, § 1605c, which, as amended in Cum. Sup. 1945, § 929h (but in no respect material to the instant controversy), reads as follows: "No public restaurant, cafe, dining room, barber shop, hair-dressing or manicuring establishment or photograph gallery shall employ or permit to work . . . any female, between the hours of ten o'clock in the evening and six o'clock in the morning . . . The provisions of this section shall not affect hotels. Any person who shall violate any provision of this section shall be fined not more than one hundred dollars for each offense."

The plaintiffs are the Lobster Restaurant, Inc., a Connecticut corporation which operates a restaurant in the city of Hartford which, in addition to furnishing food for consumption on the premises, serves liquors until 1 a. m., Helen M. Kane, a female whose avocation is that of a waitress employed by Lobster Restaurant, Inc., whose hours of labor were during the prohibited night hours, and the Restaurant Liquor Dispensers Association of Conecticut, Inc., a Connecticut corporation which is described as "composed of members who own, conduct, operate and maintain restaurants in the City of Hartford and which members employ female waitresses, particularly during the hours of 10 p. m. to 1 a. m. each week day." As the complaint contains no suggestion of and the evidence fails to disclose any interest in the action or its outcome which would or might affect the last named plaintiff in any of its concerns as an association distinct from the individuals or corporations which constitute its membership, it is ordered dropped as a party plaintiff. The defendants are John Egan, John Ready and William Ennis, the first named in his capacity of labor commissioner and the latter two as deputy labor commissioners of the state of Connecticut; Hugh M. Alcorn, Jr., State's Attorney for Hartford County; Michael Godfrey, chief of Police of the city of Hartford; and Edward J. Hickey, commissioner of state police. Consequential injunctive relief is sought restraining all of the enumerated defendants "from the enforcement of the statute and the penalties attached thereto." The gravamen of plaintiffs' grievance is contained in paragraph 10 of the complaint, which alleges: "The

provisions of § 1605c with the amendments thereto, in specifically exempting hotels from the operation of said statute is discriminatory and unfair and is invalid and in violation of the Constitution of the State of Connecticut and the Constitution of the United States in that there is no sound reason or basis of difference in the wages, hours and conditions of employment of female waitresses in hotels and restaurants."

As respects a question of the validity of any statute of this state under the constitution of Connecticut, the opinion of the Supreme Court of Errors is final; *Louisville Gas Co.* v. *Coleman,* 277 U. S., 32, 36; as concerns the validity of the same statute under the constitution of the United States the decisions of the United States Supreme Court are, of course, conclusive. Concerning the principal question in the instant case, the Su·preme Court of Errors of Connecticut has ruled that the statute involved is not discriminatory under the Connecticut constitution as against a femal worker within its purview out of the circumstance that it exempts femals pursuing the identical avocation for a hotel. *Dancourt* v. *Danaher* 126 Conn. 678, 687. The opinion in that case must be regarded as controlling and as applied to the case at bar connotes that the fact that females may permissibly work as waitresses in hotels during the hours when such females are forbidden to do so in a restaurant not operated by a hotel is not discriminatory either against her employer or her, but is a valid exercise of the police power of the state.

A like determination is inescapable in view of the decisions of the United States Supreme Court as respects the validity of the statute under the federal constitution. The complaint does not state in what respects the statute is violative of the United States constitution or even what provision thereof it contravenes. "We have frequently said, especially in confiscation cases, that a mere general allegation of repugnance to the Fourteenth Amendment is not enough to state a cause of action to restrain the enforcement of a statute or administrative order." *Borden's Co.* v. *Baldwin,* 293 U. S. 194, 203. Passing that infirmity in the pleadings, it is probable that the only provision of the federal constitution that plaintiff may invoke in the situation presented is the fourteenth amendment, with particular reference to the equal protection and due process of law provisions therein contained.

The power of the several states to enact statutes regulating the employment of females is recognized as not in itself obnoxious to freedom of contract and due process of law provided that its exertion bear a reasonable relationship to the objects of the police power of a state, as a means to a proper and legitimate end. *Lochner* v. *New York,* 198 U. S. 45, 53.

In accordance with this concept, statutes limiting the hours of labor of women and minors in private employment have very generally been upheld as within the police power of the state enacting them. *Muller* v. *Oregon,* 208 U. S. 412, 13 Ann. Cas. 957; *Riley* v. *Massachusetts,* 232 U. S. 671; *Miller* v. *Wilson,* 236 U. S. 373, 58 L. R. A. (N. S.) 829; *Bosley* v. *McLaughlin,* 236 U. S. 385; *Dominion Hotel Co.* v. *Arizona,* 249 U. S. 265; *Radice* v. *New York,* 264 U. S. 292. Plaintiffs apparently concede the power residing in the several state to legislate in the interests, not only of women directly affected by such statutes, but as a means toward promoting and as tending to safeguard the present and future health and well being of society in general. Their contention is, however, that the statute involved here offends against the United States constitution because it makes a purely arbitrary distinction between females employed in restaurants and females employed in hotels during the hours prohibited therein and hence discriminates against the former.

Evidence in support of these claims unopposed by any offered by defendants to dispute it establishes that there is no substantial difference between the conditions under which, generally speaking, waitresses working in hotels are surrounded as compared with waitresses employed in the average restaurant; that, if any there be, those in some hotels are exposed to a greater degree of moral hazard than those in the ordinary restaurant and the labor involved is more likely to be greater and the physical effort to require more exertion than in the average restaurant. That circumstance is, however, inoperative to establish violation of the pertinent constitutional provisions. "Where the constitutional validity of a statute depends upon the existence of facts, courts must be cautious about reaching a conclusion respecting them contrary to that reached by the legislature; and if the question of what the facts establish be a fairly debatable one, it is not permissible for the judge to set up his opinion in respect of it against the opinion of the lawmaker. The state legislature here determined that night employment of the character specified, was sufficiently detrimental to the health

and welfare of women engaging in it to justify its suppression, and since we are unable to say that the finding is clearly un-founded, we are precluded from reviewing the legislative deter-mination." *Radice* v. *New York,* supra, 294. "The deference due to the judgement of the legislature on the matter has been emphasized again and again." *Dominion Hotel* v. *Arizona,* supra, 268. This theme runs through all of the decisions of the United State Supreme Court in which this subject has been treated and, in consonance with it, state statutes of different varieties have been upheld.

Thus, in *Miller* v. *Wilson,* supra, it was held that a statute was not discriminatory because it prohibited the employment of females for more than eight hours per day and more than forty-eight hours in any week in hotels and certain other desig-nated establishments, though it imposed no similar restriction on women employed in harvesting, curing, canning or drying of any variety of perishable fruit or vegetables; so in *Bosley* v. *McLaughlin* supra, where the statute limited the hours of female labor, including persons employed in hospitals, but ex-empted graduate nurses from its operation, it was held not discriminatory on that account; in *Dominion Hotel* v. *Arizona,* supra, a statute was held to be not discriminatory which restrict-ed the hours of labor of females in hotels but excepted railroad restaurants and eating houses located on railroad rights of way and operated by or under contract with any railroad company. Likewise, a statute of the state of New York of very similar aspects to that here involved was held constitutional as not violative of freedom of contract or as withholding the equal protection of the law within the comprehension of the four-teenth amendment. *Radice* v. *New York,* supra 296. The statute passed upon in that case prohibited, inter alia, the employment of females "in or in connection with any restau-rant . . . before six o'clock in the morning or after ten o'clock in the evening of any day" and provided that it should not "apply to females employed in restaurants as singers and per-formers of any kind, or as attendants in ladies' clock rooms and parlors, nor . . . to females employed in or in connection with the dining rooms and kitchens of hotels . . ." Concerning the claim that these provisions were discriminatory against the em-ployment otherwise of females in restaurants, it was said: "Nor is there substance in the contention that the exclusion of restaurant employees of a special kind, and of hotels . . . renders the statute obnoxious to the Constitution. The statute does

not present a case where some persons of a class are selected for special restraint from which others of the same class are left free . . . but a case where all in the same class of work are included in the restraint." *Radice* v. *New York,* supra, 296.

The statute under examination here, it is to be recalled, is not concerned in restricting the hours of employment of waitresses in restaurants, only. It embraces all female workers in such establishments as well as those in the other businesses which it names. The prohibition of employment of women in hotels between 10 p. m. and 6 a. m. is as much within the scope of the legislative power as is that in restaurants, in factories or elsewhere if and when the legislature determines that the need for such regulation is sufficiently urgent. The mere fact that the General Assembly has refrained from exercising this prerogative is not evidence of discrimination. It does not have to expend its whole power in one act or at one time. The entire subject of minimizing the detriment to females who engage in personal labor is in the keeping of the lawmaking body with its knowledge, actual or implied, of the various facets of the problem and its familiarity with local conditions. It may, as it apparently has done, approach the solution cautiously and gradually. ". . . if an evil is specially experienced in a particular branch of business it is not necessary that the prohibition should be couched in all-embracing terms . . . If the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied." *Miller* v. *Wilson,* supra, 384. To same effect, see *Dominion Hotel* v. *Arizona,* supra, 268. What plaintiffs contend is discrimination is but the exercise of a small portion of the legislative authority. The criticism in reality complains that because it was not exerted wholly and at one time it is invalid. For it, there is no basis in the pronouncements of the United States Supreme Court. It is palpably an exercise of the police power of the state directed at safeguarding the health of womankind as a means to an end well sanctioned by the authorities cited and quoted from.

The conclusion is that the provision in question, § 929h, is a valid exercise of the police power under both the constitution of the state of Connecticut and the constitution of the United States and does not discriminate against plaintiff Lobster Restaurant, Inc., or plaintiff Helen M. Kane, or others similarly situated.

Judgment accordingly.