42 N.J. Super. 84 (1956)
125 A.2d 908
HOTEL SUBURBAN SYSTEM, INC., ET ALS., PLAINTIFFS,
v.
CARL HOLDERMAN, COMMISSIONER OF LABOR AND INDUSTRY OF THE STATE OF NEW JERSEY, DEFENDANT, AND N.J. STATE CULINARY ALLIANCE, ET ALS., INTERVENING DEFENDANTS. ATLANTIC CITY HOTEL ASSOCIATION, ET ALS., PLAINTIFFS,
v.
CARL HOLDERMAN, COMMISSIONER OF LABOR AND INDUSTRY OF THE STATE OF NEW JERSEY, DEFENDANT, AND N.J. STATE CULINARY ALLIANCE, ET ALS., INTERVENING DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1956.
Decided October 11, 1956.
*86 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. John D. McMaster argued the cause for the plaintiffs Hotel Suburban System, Inc., et als.
Mr. Herbert Horn argued the cause for the plaintiffs Atlantic City Hotel Association, et als., except Leeds, Lippincott Co. (Messrs. Lloyd and Horn, attorneys; Messrs. Moore, Butler & McGee, attorneys for Leeds, Lippincott Co.).
*87 Mr. Thomas L. Franklin, Deputy Attorney-General, argued the cause for the defendant Carl Holderman (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney).
Mr. Thomas L. Parsonnet argued the cause for the intervening defendants (Messrs. Parsonnet, Weitzman & Oransky, attorneys for New Jersey State Culinary Alliance; Messrs. Plone and Tomar, attorneys for intervening defendants, New Jersey State Federation of Labor and Local 170, Bartenders and Culinary Workers Union, AFL-CIO; Mr. Emory J. Kiess, attorney for intervening defendant, Local 508, Hotel and Restaurant Employees Union).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiffs, owners of hotels in the State of New Jersey and employers of women and minors in the operation of restaurants and laundries connected therewith, challenge the validity of two regulations promulgated by the defendant Carl Holderman, Commissioner of Labor and Industry of the State of New Jersey, hereinafter referred to as "Commissioner," under the provisions of the Minimum Fair Wage Standards Act, N.J.S.A. 34:11-34 et seq., hereinafter referred to as the "Minimum Wage Act."
One proceeding for direct review was instituted in this court by four hotel operators and the New Jersey State Hotel Association pursuant to R.R. 4:88-10. A second proceeding seeking a declaratory judgment was instituted in the Chancery Division by the Atlantic City Hotel Association and 17 operators of hotels in that city, which latter action was transferred to this court and consolidated with the initial proceeding by appropriate order. Four labor unions, representing organized labor in affected occupations, intervened and were admitted as parties-defendant.
The facts are not in dispute; the issues are solely legal. Pursuant to the provisions of the Minimum Wage Act, the Commissioner appointed wage boards for the restaurant and laundry occupations, and following hearings and reports by them he made two orders which are the subject of this litigation: *88 one, referred to as Mandatory Order No. 9 purports to cover employment of women and minors in hotel restaurants, and the other, Mandatory Order No. 10, pertains to such employees in hotel laundries.
The Minimum Wage Act provides for the establishment of minimum fair wage rates for women and minors employed in an "occupation or occupations," but under the statutory definition employment in a hotel is specifically excluded. N.J.S.A. 34:11-34 reads:
"Definitions * * * `Occupation' means an industry, trade or business or branch thereof or class of work therein in which women or minors are gainfully employed but shall not include domestic service in the home of the employer or labor on a farm or employment in a hotel."
The Commissioner's Order No. 9 provides as follows:
"Exemptions. Women and minors employed in or by a hotel are exempt from the provisions of this Order, provided, however, that this exemption shall not include any woman or minor employed in a restaurant operated in a hotel catering to non-resident guests. The term non-resident guests herein used means a guest not being furnished with lodging."
Mandatory Order No. 10 directs that:
"Exemptions: Women and minors employed in and by a hotel are exempt from the provisions of this Order; provided, however, that this exemption shall not include women or minors employed by or in a hotel when performing the functions included in the definition of `Laundry and Cleaning and Dyeing Occupations,' in relation to articles which are not the property of or are not being processed for the exclusive use of the hotel by which the workers are employed."
The plaintiffs contend that the foregoing regulations are invalid being contrary to the statutory exemption of "employment in a hotel." The defendants argue that the regulations are a valid and lawful interpretation of the statute, and, if not, then the statutory exemption is unconstitutional because it discriminates in favor of hotel restaurants and laundries and against independent restaurants and laundry *89 establishments which are subject to the minimum wage standards. These are the issues presented on this appeal.
The defendants also question whether the plaintiffs have standing to prosecute this action. They undoubtedly do, for except for the hotel associations the plaintiffs are admittedly owners and operators of hotels, and employees in their dining-rooms and laundries are affected by the statute and regulations. At least one hotel owner showed it would be materially affected adversely by the enforcement of the orders.

I.
Since the decision of the United States Supreme Court in West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330 (1937), it is undisputably settled that a federal or state statute fixing, or properly authorizing, an administrative agency to set minimum wages for services in private employment is a constitutional exercise of the police power which does not violate the due process clauses of the Fifth or Fourteenth Amendments to the Federal Constitution or similar provisions in State Constitutions. Lane v. Holderman, 40 N.J. Super. 329 (App. Div. 1956); United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430 (1941); California Drive-In Restaurant Ass'n v. Clark, 22 Cal.2d 287, 140 P.2d 657, 147 A.L.R. 1028 (Sup. Ct. 1943); Holcombe v. Creamer, 231 Mass. 99, 120 N.E. 354 (Sup. Jud. Ct. 1918); Mary Lincoln Candies v. Department of Labor, 289 N.Y. 262, 45 N.E.2d 434, 143 A.L.R. 1078 (Ct. App. 1942); In re Petition of Fisher, 344 Pa. 96, 23 A.2d 878 (Sup. Ct. 1942). Thirty-two states and territories have adopted minimum wage legislation; in 14 where constitutionality has been challenged the statutes have been upheld. Annotation, 39 A.L.R.2d 740 et seq.; 31 Am. Jur., Labor, §§ 503-507, p. 1080.
The Legislature is primarily the judge of the necessity of such legislative enactments; it formulates the policies *90 to be followed, but the task of promulgating the detailed rules and regulations for the effectuation of the legislative policies is delegated to administrative or executive agencies. Annotation, 3 A.L.R.2d 189.
N.J.S.A. 34:11-34 et seq. empowers the defendant Commissioner of Labor to make mandatory orders with respect to minimum fair wages after approval of the report submitted by the wage board. By N.J.S.A. 34:11-47, the authority given to the Commissioner by the statute is clearly an administrative function. The description of the statute involved in Abelson's Inc. v. New Jersey State Board of Optometrists, 5 N.J. 412, 423 (1950), is applicable here:
"This is a grant of administrative power for the execution of the statutory policy; and its exercise is of necessity restrained by the declared policy and spirit of the statute and the criteria and standards therein laid down, for a grant not thus confined would constitute a delegation of essential legislative power in contravention of constitutional limitations. The distinction is between the making and the execution of the law. The authority to make rules and regulations for the effectuation of the statutory policy is administrative and not legislative, if its exercise is confined by certain and definite standards of action, even though the regulations be given the force and effect of law. It is a corollary of this principle that the rules and regulations and administrative action cannot subvert or enlarge upon the statutory policy or the rules and regulations therein set down. Administrative implementation cannot deviate from the principle and policy of the statute."
The Commissioner has authority to prescribe reasonable rules and regulations consistent with, but limited by, the provisions of the statute being administered, which are deemed necessary to the due and efficient exercise of the power expressly granted. An administrator has the right and duty to construe the language of the statute if it is fairly susceptible of more than one interpretation. However, when the provisions of the statute are clear and unambiguous, he may not make rules and regulations amending, altering, enlarging or limiting the terms of the legislative enactment. Under the guise of rule-making, he may not exceed the authority given to him by the statute, the source *91 of his power. The judicial function is to ascertain whether the will of the Legislature has been carried out. Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756 (1936); Walling v. L. Wiemann Co., 138 F.2d 602 (7 Cir. 1943), certiorari denied 321 U.S. 785, 64 S.Ct. 782, 88 L.Ed. 1076 (1943); Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); California Drive-In Restaurant Ass'n v. Clark, supra.
The Minimum Wage Act under its definition of "occupation" so unequivocally and unqualifiedly exempts "employment in a hotel," that there is no basis for interpretation or construction of the statute by the Commissioner. The duty of the administrative agency, therefore, is to exclude all employment in a hotel from inclusion under the minimum wage standards, at least to the extent of operations not beyond what may be regarded as customary or reasonably incidental to the conduct of the hotel business. It is common knowledge that in many, if not in most, hotels throughout the State where restaurant or dining rooms are maintained, non-residents of the hotel are accommodated. The practice is therefore reasonably incidental to the conduct of a hotel and, hence, presumably within the intended legislative exemption.
The same conclusion as to excess of authority by the Commissioner must be reached with respect to Wage Order No. 10, dealing with employment in the laundry industry. The exemption of women employed in a hotel laundry is eliminated in the order if such laundry service is performed on articles not the property of the hotel. In some instances, hotels may perform personal laundry service for guests; but there is not sufficient evidence of such a practice as to authorize the Commissioner to deprive hotels of their statutory exemption in their laundry operations.
The Commissioner, insofar as his wage order purported to include hotels, was exercising a legislative and not an administrative function, and his action clearly was ultra vires. If hotels are to be governed by minimum wage standards because they permit non-guests to use their restaurant *92 facilities and guests to make incidental use of the hotel laundry facilities, it is for the Legislature and not for the Commissioner to so prescribe. Accordingly, Mandatory Orders Nos. 9 and 10, being contrary to statutory authority, are held to be invalid.

II.
We come now to the second point raised by the defendants, namely, that the statutory exemption of employment in hotels results in unlawful discrimination and is unconstitutional for that reason. Every possible presumption is in favor of the validity of legislative enactments. We are not concerned with the wisdom of the policy of the Legislature. All we have to decide is whether the legislative exemption of employment in hotels can be regarded as arbitrary or capricious. Mr. Justice Holmes in Dominion Hotel Co. v. State of Arizona, 249 U.S. 265, 39 S.Ct. 273, 274, 63 L.Ed. 597 (1919) said:
"The Fourteenth Amendment is not a pedagogical requirement of the impracticable. The equal protection of the laws does not mean that all occupations that are called by the same name must be treated in the same way. The power of the State `may be determined by degrees of evil or exercised in cases where detriment is specially experienced.'"
It has been called to our attention that New Jersey is the only state which grants an exemption to hotels in its minimum wage act. Such employment has been exempted from our minimum wage statutes since the first enactment in 1933, L. 1933, c. 152, and has been continued by the Legislature throughout the revision and reenactment of the statutes, R.S. 34:11-34. Accordingly, the exemptions as administered since 1933 without interference by the Legislature are entitled to considerable weight. Hooton v. Neeld, 12 N.J. 396 (1953). The latest enactment, N.J.S.A. 34:11-56.1, L. 1952, c. 9, also provides that "employee" shall not include persons employed "in a hotel." The legislative intention to exclude employment in hotels thus appears *93 in two places  under the definition of "occupation" and the definition of "employee."
The United States Supreme Court has frequently held that the legislative authority, acting within its proper field, is not bound to extend its regulation to all cases which it might possibly reach. In Miller v. Wilson, 236 U.S. 373, 35 S.Ct. 342, 344, 59 L.Ed. 628 (1915), the court said:
"Dealing with practical exigencies, the legislature may be guided by experience. * * * It is free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is deemed to be clearest. * * * If the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied. * * * Upon this principle * * * it cannot be concluded that the failure to extend the act to other and distinct lines of business, having their own circumstances and conditions, or to domestic service, created an arbitrary discrimination against the proprietors of hotels."
It is within the competence of the Legislature to classify objects of legislation. The classification must be reasonable, but the Legislature is not bound by any rule of absolute equality. Classification may produce discrimination; every selection of persons or occupations for regulation results in some degree of inequality. But, if not arbitrary, it is not unconstitutional. If the basis of classification is valid, it is wholly immaterial how many or how few there are in the class. To be unconstitutional, the classification must be palpably unreasonable and arbitrary. State v. Garden State Racing Ass'n, 136 N.J.L. 173 (E. & A. 1947). An arbitrary discrimination is not created merely because the operation of the statute is not extended to other lines of business having their own circumstances and conditions. West Coast Hotel Co. v. Parrish, supra; Miller v. Wilson, supra; 31 Am. Jur., Labor, § 434, p. 1038.
The question, therefore, is whether there is a reasonable basis for the classification by the Legislature, or is it unreasonable and arbitrary? Does the exclusion of hotel employment have any just relationship to the general objects of the legislation or to some substantial consideration of public policy and convenience? State v. Garford Trucking, *94 Inc., 4 N.J. 346 (1950); DeMonaco v. Renton, 18 N.J. 352 (1955). If there is any reasonable basis for legislative classification exempting hotel employment either because of the character of the employer or the nature of the work performed, the statute should be sustained. Employment in hotels has been held to be a legitimate subject for exemption from employment statutes. Radice v. People of State of New York, 264 U.S. 292, 44 S.Ct. 325, 68 L.Ed. 690 (1924); Miller v. Wilson, supra. Contra, see Burrow v. Kapfhammer, 284 Ky. 753, 145 S.W.2d 1067 (Ct. App. 1940).
The object of the Minimum Wage Act, as stated in the preamble to the statute, R.S. 34:11-34 et seq., was to remedy and correct unfair and oppressive exploitation of women and minors by establishing minimum fair wage standards. However, the Legislature did not include in the occupations covered by the statute hotel employment; in fact, women and minors so employed were expressly excluded. While the reasons which motivated the Legislature to grant such exemption are not patent, we cannot say that such exclusion is so unreasonable, arbitrary or capricious as to justify a declaration of unconstitutionality. Perhaps the Legislature desired to aid New Jersey's large hotel resort business. Schwartz v. Essex County Board of Taxation, 129 N.J.L. 129 (Sup. Ct. 1942), affirmed 130 N.J.L. 177 (E. & A. 1943). It may well be that the hours and conditions of employment in hotel dining-rooms differ from those of ordinary commercial restaurants. But the fact that a hotel restaurant serves the general public as well as its own guests is not material. Conceding the validity of the defendants' argument that the character of a modern hotel is vastly different from that of an old-time inn, that the hotel of today often carries on operations in addition to lodging and feeding of guests, such as coffee shops, supper clubs, health clubs, swimming pools, garages, etc., and that the employees of those departments should be covered by the Minimum Wage Act, the authority to classify and exempt lies with the Legislature; it is not an administrative or judicial function. The *95 views expressed herein are, of course, limited to the question of the validity of the wage orders with relation to the employment of women and minors in hotel restaurants and laundries.
In view of our conclusion, it is unnecessary to consider whether proper standards were set by the statute in delegating a legislative function to an administrative agency.
The orders under review are held to be invalid and are set aside.