**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**HALE COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

**No. 30409.**

United States Court of Appeals,
Fifth Circuit.

June 29, 1971.

Coleman, Circuit Judge, dissented and filed opinion.

Jerris Leonard, Asst. Atty. Gen., Brian K. Landsberg, Ross L. Connealy, Civ. Rights Div., Dept. of Justice, Washington, D. C., Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellant.

McDonald Gallion, Atty. Gen., State of Ala., Maury D. Smith, Montgomery, Ala., for defendants-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

The judgment of the district court is vacated. The case is remanded with the direction that the district court require the school board *forthwith* to constitute and implement a student assignment plan (along with a majority to minority transfer provision) that complies with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554.

The district court is also directed to implement fully the provisions of our decisions in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 and 425 F.2d 1211 (en banc), relating to desegregation of faculty and other staff, transportation, school construction and site selection, and attendance outside the system of residence.

The district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, 618–619.

Vacated and remanded with directions.

COLEMAN, Circuit Judge (dissenting).

Mr. Justice Holmes once wrote, "The Fourteenth Amendment is not a pedagogical requirement of the impracticable." [1] If so, the Amendment can hardly be said to command futilities which defeat all semblance of compliance with that Amendment.

Here, in my opinion, we have a case which invokes the application of the doctrine.

Hale County now has 3,744 black students and 937 white students in its public school system. The number in private schools is not revealed by the record.

The plan adopted by the District Court was formulated by the Department of Education of the University of Alabama. The results up to now are that four of the seven schools are integrated. Three remain all black. There are 57 white teachers and 144 black teachers.

It is far better, and more in keeping with the commands of the Fourteenth Amendment, in my opinion, to keep this school system alive as presently integrated, with hope of inevitable improvement, than to enter decrees which will lead to the same result attained in the nearby County of Sumpter—every school all black and no white child attending a public school.

While every school house in Hale is not integrated, it is certainly true that the system as a whole is no longer segregated. Progress has been made. It is equally certain, from this record, that the Order now entered will seriously damage, if not totally destroy, that progress.

Of course, it is my duty, and I recognize it, to do all things reasonably calculated to enforce the Fourteenth Amendment. I do not conceive it to be my duty, in the name of the Amendment, to embrace unreasonable methods leading to the destruction of that already accomplished.

I respectfully decline to participate as a judicial pallbearer for the Hale County Public School system.

Therefore, I dissent.

---

1. Dominion Hotel v. State of Arizona, 249 U.S. 265, 268, 39 S.Ct. 273, 274, 63 L.Ed. 597 (1919).