262 So.2d 602

Steven CAIOLA

v.

**CITY OF BIRMINGHAM, Alabama, a Municipal Corporation.**

**6 Div. 880.**

Supreme Court of Alabama.

April 27, 1972.

Rehearing Denied June 8, 1972.

Virgil K. Sandefer, Birmingham, for appellant.

J. M. Breckenridge, Birmingham, for appellees City of Birmingham and Jamie Moore, Chief of Police.

Frank Dominick, Birmingham, for appellee Mel Bailey, Sheriff, Jefferson County.

John P. Carlton, Birmingham, for appellee James Healey, Licensing Officer, Jefferson County.

HARWOOD, Justice.

This appellant is manager of Southway Discount Center, a grocery store operated in Birmingham, Alabama.

In June 1970, he was arrested on a warrant and complaint, the complaint containing two counts.

Count 1 charged in substance that the appellant on Sunday, 24 May 1970, operated and kept open for business a store in which goods are offered for sale, and did sell such goods on said date in a store within the City of Birmingham, Alabama, contrary to Section 36–60 of the 1964 General Code of the City of Birmingham.

Count 2 is of the same tenor as Count 1 except that it charges appellant with operating the store "contrary to and in violation of Section 36–56 of the 1964 General Code of the City of Birmingham, as it adopts the words, meaning, and import of Title 14, Section 420 of the 1940 Code of Alabama, as amended."

Section 36–60 of the General Code of Birmingham, referred to in Count 1, prohibits the keeping open on Sunday of any store in which business is transacted or goods sold.

Section 36–56 of the City Code referred to in Count 2, makes it unlawful to violate within the City of Birmingham or the police jurisdiction thereof, any law of the state, now or hereinafter enacted, the violation of which is a misdemeanor under state law.

Section 420, Title 14, Code of Alabama 1940, as amended, prohibits certain acts on Sunday, and provides a violation penalty of a fine of not less than $10.00, or more than $100.00, and the convicted violator may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than three months.

Act No. 431, effective 15 November 1966 (See 1966 Acts of Alabama, Special Session, p. 576) applicable to all counties having a population of 500,000 or more according to the last or any subsequent federal census, provides:

"It shall be lawful for any grocery store to remain open on Sunday in each County in the State having a population of 500,000 or more according to the last or any succeeding federal census providing that such grocery store does not have on duty in such store more than four employees at any one time on Sun-

day; provided that each such grocery store shall first obtain a special license to operate on Sunday from the license issuing officer of such County. The license issuing officer of such County shall issue a license only to such individual grocery stores or outlets as shall pay a license fee of $25 and only to such individual grocery stores or outlets in each community as are determined to be required by the public convenience and necessity. All license fees shall be paid into the general fund of such County."

The appellant was convicted in the Recorders Court of the City of Birmingham under the complaint above mentioned. He perfected an appeal to the Circuit Court of Jefferson County from this conviction, which appeal was pending at the time the present proceedings were brought in the Circuit Court of Jefferson County, in Equity, wherein was rendered the decree from which this appeal was perfected. It appears that the appellant has also been arrested on warrants and complaints again charging him with operating a store on two Sundays subsequent to the original charge on which he was found guilty in the Recorders Court.

On 16 July 1970, the appellant filed a declaratory action in the Circuit Court of Jefferson County, in Equity, naming the City of Birmingham, the Chief of Police of that city, the Sheriff of Jefferson County, the Licensing Officer of Jefferson County, the Governor of Alabama, and the Attorney General of Alabama, as respondents. The bill alleged in substance that Act 431, above mentioned, is unconstitutional on its face, and that his conviction under the ordinances as reinforced by Sec. 420, Tit. 14, Code of Alabama 1940, as amended, is null and void. The bill further alleged that the arrests of the appellant, as well as his conviction in the Recorders Court, are interfering with his business activities and impairing his ability to earn a living.

Appellant prayed that the Circuit Court, in Equity, hold Act 431 unconstitutional,

and further that the court find that the conviction of appellant in the Recorders Court was null and void, and that further prosecution on his two subsequent arrests be prohibited, and that on final hearing the court will make permanent the preliminary injunction sought in the bill'

A motion for a preliminary injunction pending the determination by the Circuit Court of the matters averred in the bill, accompanied the bill.

The record shows that on 27 April 1971, the following order was entered in this case:

"On this instant date counsel of record for the parties who appeared in Open Court at a hearing for ruling on demurrers did, in Open Court, waive hearing on the question of the issuance of an injunction pendente lite and agreed, after the Court gave its ruling upon demurrers, to waive the question of temporary injunctive relief and to proceed to a final and total dispositive hearing on the merits at a future date to be set by the Court."

In this same order the court set the case for a hearing on the merits on 3 June 1971.

A hearing was had on the day set, and thereafter the court entered a decree denying the several prayers contained in the bill of complaint, and dismissed the bill, with prejudice.

This appeal is from that decree.

The only points argued in appellant's brief relate to the constitutionality of Act No. 431. No other questions are presented.

The undisputed evidence shows that Southway Discount Center, Inc., is chiefly engaged in selling groceries, though a pharmacy department is also operated in the store. The store was open and engaged in the business of selling groceries on each of the Sundays on which the appellant was arrested. The record shows that on the first Sunday on which the ap-

pellant was arrested, some 12 employees, including the appellant, were at work in the store. Seven check out registers were in operation.

The thrust of appellant's argument is in two aspects, (1) that the only classification made in Act 431 is that of grocery stores, and therefore all grocery stores are within this classification. This being so, permitting grocery stores which have four or less employees on duty at any one time on Sunday to operate, and prohibiting stores with more than four employees on duty on Sunday from operating, is an invidious discrimination within a single class, and therefore constitutionally impermissible, and, (2) that the part of Act 431 authorizing the license issuing officer to issue licenses only to such applicants in each community as are determined to be required by the public convenience and necessity is invalid as furnishing insufficient standards for the granting or refusing of such license, and leaves such action in the absolute discretion of the licensing official.

The evidence tends to show that smaller grocery stores are generally known as "conveniences" stores. Excluding fresh meat products, they carry a general line of groceries. The stocks on hand, the varieties of and sizes of brand products are more limited than found in the larger grocery stores, commonly referred to as "super markets," "discount grocery stores," etc. Further, the prices for products sold in the convenience stores range from 4.6 to 8.6 per cent higher than the prices charged for the same products by the larger stores. The average super market store operates with 19 employees, while the average number of people operating a convenience store is 3.9.

The legislature set forth its policy in enacting Act 431, Section 1(b), which is in the following language:

"The maintenance of the public health is of vital importance to the general welfare of the State and its people. This is particularly true where there are large concentrations of population. * * * The Legislature further finds and declares that in order to enjoy such a day of rest and relaxation that the public should be given the right as an additional exception to said Section 420 (Title 14, Code of Alabama 1940) to purchase on Sunday goods usually and normally sold in grocery stores subject to reasonable restrictions on the number of employees that may be employed in such stores selling such goods on Sunday. It is further the finding of the Legislature that a reasonable restriction on the number of employees would be to permit to remain open on Sunday for the sale of such goods only those stores that have no more than four employees on duty at any one time on Sunday. The Legislature further finds that there is a public necessity for the purchase on Sunday of merchandise usually and normally sold in grocery stores and that this necessity must be met but that reasonable restrictions as set out above should be placed thereon." (Par. ours.)

As before stated, it is appellant's contention that because the Act uses the generic term "grocery store," the attempted exception permitting grocery stores in which only four or less employees are on duty to remain open on Sunday, is an arbitrary distinction within a specified class, i. e., "grocery stores."

Appellant contends that this sub-classification within a generic classification is so arbitrary and discriminatory as to be violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution, and of the provisions of Section 22 of the Constitution of this state, which prohibits the legislature from "making any irrevocable or exclusive grants of special privileges or immunities."

We cannot see but that the same standards would be applicable as to the question of unwarranted discrimination, whether considered under the Fourteenth Amendment of the Federal Constitution, or under

Section 22 of the Constitution of Alabama of 1901.

In Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83, this court wrote:

"The constitutional prohibitions above alluded to (Fourteenth Amendment to the Federal Constitution, and Section 22 of the Alabama Constitution of 1901) stand ready to prevent a clearly arbitrary and oppressive discrimination. *But the mere fact of inequality is not enough to invalidate a law, and the legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded."* (Par. and emphasis ours.)

In Dominion Hotel Inc. v. Arizona, 249 U.S. 265, 39 S.Ct. 273, 63 L.Ed. 597, the Supreme Court of the United States, speaking through the late Justice Holmes, wrote:

"The Fourteenth Amendment is not a pedagogical requirement of the impractical. The equal protection of the laws *does not mean that all occupations that are called by the same name must be treated in the same way."* (Emphasis ours.)

In the more recent case of Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed. 2d 1485, the rules for testing an alleged discrimination in a statute are set forth as follows:

"The rules for testing a discrimination have been summarized as follows:

" '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369.

\*  \*  \*  \*  \*  \*

"That the Equal Protection Clause does not require that every state regulatory statute apply to all in the same business is a truism. *For example, where size is an index to the evil at which the law is directed, discriminations between the large and the small are permissible."* (Emphasis ours.)

■ We think it perfectly clear under the policy statement set forth in Act 431, that the intent of the legislature in passing the Act was to recognize and provide for the needs of the people in a populous area to obtain groceries on Sunday, to provide for this need, and yet at the same time to limit the type of grocery store operation to the extent that the needs above mentioned could be met without permitting a wide open Sunday operation of all grocery stores.

Counsel for appellant argues that many of the convenience stores are part of a chain, and permitting them to operate would in effect allow the chain to have many more employees on duty on Sunday than the operation of a single super market that would have on duty more than the four employees allowable under Act 431.

While this argument is not without some basis, the fact remains that should one super market operate on Sunday, the competitive nature of the operation of the grocery store business would necessarily compel

many, and probably most, of the super market grocery stores to operate on Sunday. This very fact, we think, supports the validity of the distinction made in Act 431 as to the types of grocery stores permitted to operate on Sunday.

The doctrines set forth in Lane v. McFayden, supra; Dominion Hotel Inc. v. Arizona, supra; and Morey v. Doud, supra, necessitate the conclusion that the differentiations in the types of grocery stores that can be operated on Sunday under Act 431 are not purely arbitrary, were not without any reasonable basis, and were within the wide scope of the discretion allowed the legislature in the determination of such matters. In this aspect the decree of the lower court is due to be affirmed.

As to appellant's second contention that the portion of Act 431 vesting in the licensing official unregulated and absolute discretionary power in the matter of granting or refusing licenses to operate grocery stores on Sunday, it would appear that the appellant is in no position to raise this point.

James Healey, Director of the Department of Revenue of Jefferson County, Alabama, and custodian of the business license records issued for businesses in Jefferson County, testified only two questions are asked of an applicant for a license under the provisions of Act 431, first, the number of employees, and second, if the applicant has the $25.00 fee for such license. He did not believe that any application for a license to operate a grocery store under the provisions of Act 431 has ever been denied.

Healey further testified that to his knowledge neither the Southway Discount Center, Inc., nor Steve Caiola, this appellant, had ever made application for a license under the provisions of Act 431.

As stated in Jones v. Black, 48 Ala. 540:

"Nor will a court listen to an objection made to the constitutionality of an act of the legislature by a party whose rights it does not specially effect. An act of the legislature will be assumed to be valid, until someone complains whose rights it invades; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, *as to him, his property or his rights,* that the objection of constitutionality can be presented and sustained. Cooley, page 164; Dejarnette [Dejarnett] v. Haynes, 23 Miss. 600; Dorman v. The State, 34 Ala. 216, 249, and the cases cited."

To the same effect see Shehane v. Bailey, 110 Ala. 308, 20 So. 359; State ex rel. Thomas v. Gunter, 170 Ala. 165, 54 So. 283; State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473; State v. Friedkin, 244 Ala. 494, 14 So.2d 363; United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989; Hadnott v. City of Prattville, 5 Cir., 309 F.Supp. 967.

The decree here appealed from is due to be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.