I concur with the opinion in every aspect except for the standard of review applicable to a constitutional challenge of a statute as that standard is quoted from Alabama StateFederation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810
(1944). A standard that casts upon the challenger the burden of overcoming a presumption of a statute's constitutional validity, and imposes upon a reviewing court a duty to sustain the legislative act, unless it clearly violates fundamental law beyond a reasonable doubt, reverses the order of priority as between the organic law expressed in the constitution and the legislature's exercise of its plenary powers. It is one thing for the challenger to have the burden of persuasion; it is yet another thing altogether to have the burden of overcoming a presumption of validity. The legislative act, once assailed, either comports with the guidelines of fundamental law and is valid, or it violates constitutional provisions and is void.
To be sure, the exercise of judicial power, in its review of legislative enactments, is not without admonitions of restraint. This delicate power must be used with a sensitive recognition that the legislature's plenary power is absolute; that it is derived from neither federal nor state Constitutions; and that such power, apart from constitutional limitations, has no bounds. Courts must exercise great caution not to decide the constitutional issue in favor of invalidity because they think the challenged act is unwise or bad policy, or that it violates the court's notions of citizens' natural, social, or political rights not guaranteed by the Constitution. Appellate courts will address only those constitutional issues raised below and then only when necessary for an appropriate decision. If the act is equally susceptible to two interpretations, the one that comports with constitutional validity is favored over the one that does not. Likewise, if any portion of the act is constitutional, and that portion, when standing alone, can be given a reasonable field of operation, only the invalid portion will be stricken.
Most, if not all, of these admonitions of restraint are aptly set out in McAdory, but none of these rises to the level of apresumption of validity of a challenged act. What, then, is the origin of such a statement? I think the answer is quite simple. Without attempting a detailed review of the evolution of this principle through our case law development, it is interesting to note that this presumption of validity rule finds its expression in the earlier cases only in the context ofunchallenged acts, or where the challenge was asserted by one not directly affected by the act's operation. A typical statement of the rule, as originally espoused, is found inJones v. Black, 48 Ala. 540 (1872):
 "Nor will a court listen to an objection made to the constitutionality of an act of the Legislature by a party whose rights it does not specially affect. An act of the Legislature will be assumed to be valid until some one complains whose rights it invades, and it is only when *Page 845 
some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void as to him, his property, or his rights, that the objection of unconstitutionality can be presented and sustained." Cited with approval in Shehane v. Bailey, 110 Ala. 308, 20 So. 859 (1895), and State v. Montgomery, 177 Ala. 212 at 221, 59 So. 294 at 296 (1912), which was cited with approval by Justice Beatty, speaking for the Court, in Lowe v. Fulford, 442 So.2d 29 (Ala. 1983).
Somewhere between Montgomery and McAdory, our Court dropped a qualifying phrase from a very solid rule: Until assailed by a party whose rights are specially affected, a legislative act is presumed valid. Thus, by so altering the expression of the rule, a fundamental concept was perverted.