457 So.2d 541 (1984)
Alan G.S. VOCE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1609.
District Court of Appeal of Florida, Fourth District.
October 3, 1984.
Rehearing Denied November 7, 1984.
*542 Stuart L. Stein, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Alan G.S. Voce, was charged in a multicount information with five counts of offering to negotiate a mortgage for compensation without a license in violation of Section 494.10(2), Florida Statutes (1981), and with five counts of mortgage fraud in violation of Section 494.093, Florida Statutes (1981). A jury found him guilty on all five of the negotiating a mortgage for compensation without a license counts and on two of the five mortgage fraud counts. This appeal is from a judgment of guilty entered pursuant to the verdict, five concurrent five year sentences, and two five year terms of probation to follow consecutively the prison sentences.
Voce attacks the sufficiency of the state's compliance with discovery and the sufficiency of the evidence as to the mortgage fraud charges. Our examination of the record reveals that there was no harmful deficiency in discovery and that there was adequate evidence to support the verdict as to the mortgage fraud charges.
Voce also attacks the circuit court's refusal to dismiss on constitutional grounds the five counts charging him with offering to negotiate a mortgage for compensation without a license in violation of Section 494.10(2), Florida Statutes (1981).
Voce's argument before the circuit court and here appears to be that the United States citizenship requirement set forth in Section 494.04(2), Florida Statutes (1981), is invalid on equal protection grounds because citizenship may not properly be made a requirement for practicing an occupation that is not related to a governmental function.
Our determination whether a constitutional decision is necessary here depends upon the relationship between the questioned statute and the facts of this case.
Five of the counts in the present information charged Voce with unlawfully offering to negotiate a mortgage loan for compensation without first obtaining a required license, contrary to Section 494.10(2), Florida Statutes. The foregoing section necessarily incorporates Section 494.04, Florida Statutes. Subsection (1) of that statute prohibits any person from acting as a mortgage broker in or from Florida without a license as provided in Chapter 494, the Mortgage Brokerage Act. Subsection (2) provides that
No mortgage broker's ... license shall be granted to any person unless he has been a bona fide resident of the state for a period of at least 6 months immediately preceding the date of application for license and is a citizen of the United States, or has presented a notarized declaration of intention to become a United States citizen.
*543 Subsection (4) requires submission of a nonrefundable investigation fee of $50, personal information relevant to the potential licensee's character and competency, and a complete set of his fingerprints.
In order to have standing to question the constitutionality of any statute, whether it deals with a license or a criminal act, a person must demonstrate that he is injuriously affected by the particular feature of the statute he attacks. 16 C.J.S. Constitutional Law § 76a nn. 51 & 74, § 84 n. 70 (1956).
The question here is whether, by alleging only that he is being prosecuted for acting as a mortgage broker without a license and that he is an alien, Voce has demonstrated that the provision in Section 494.04(2) that makes United States citizenship a requirement for obtaining such a license has injured him.
It must be remembered that Voce's attack is only on one requirement for obtaining a license rather than an attack on the requirement that one have a license in order to engage in the occupation of mortgage broker.
Had Voce shown that he fulfilled all other requirements for licensure except citizenship or intention to obtain citizenship, he would have had standing to attack this statute as being unconstitutional as applied to him, a citizen of Jamaica, based upon such cases as Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); Graham v. Ramani, 383 So.2d 634 (Fla. 1980); Nyquist v. Mauclet, 432 U.S. 1, 97 S.Ct. 2120, 53 L.Ed.2d 63 (1977). However, Voce simply surmises that he would have been denied a license because of his alienage and his failure to apply for United States citizenship. That is not enough to afford him standing. As the court said in United States v. Slobodkin, 48 F. Supp. 913, 917 (D.C.Mass. 1943):
It is well settled that where a licensing ordinance, valid on its face, prohibits certain conduct unless the person has a license, one who without a license engages in that conduct can be criminally prosecuted without being allowed to show that the application for a license would have been unavailing. * * * In short, the individual is given the choice of securing a license, or staying out of the occupation, or, before he acts, seeking a review in the civil courts of the licensing authority's refusal to issue him a license.
A legislative enactment is void on its face or facially invalid if it cannot be applied constitutionally to any factual situation. Antieau, Modern Constitutional Law, § 15:36, p. 698. Examination of Section 494.04 discloses that it does not meet the foregoing test of facial invalidity. Hence, Voce's failure to demonstrate that he had all of the qualifications other than United States citizenship to be entitled to obtain a mortgage broker's license and his failure under Section 494.04 to apply for a license precluded him from having the circuit court pass on the validity of Section 494.04(2). Bashir v. Supreme Court of Ohio, 652 F.2d 641 (6th Cir.1981). Cf. Caiola v. City of Birmingham, 288 Ala. 486, 262 So.2d 602, 607 (1972); Grosso v. Commonwealth, 177 Va. 830, 13 S.E.2d 285, 288 (1941); City of Madison v. Schultz, 98 Wis.2d 188, 295 N.W.2d 798, 806 (1980).
Accordingly, we affirm the judgment of guilty on all counts.
ANSTEAD, C.J., and DOWNEY and DELL, JJ., concur.