564 So.2d 173 (1990)
DEPARTMENT OF REVENUE, Appellant,
v.
FLORIDA HOME BUILDERS ASSN., et al., Appellees.
No. 89-2788.
District Court of Appeal of Florida, First District.
June 21, 1990.
Rehearing Denied August 3, 1990.
*174 Robert A. Butterworth, Atty. Gen., and Kevin J. O'Donnell, Asst. Atty. Gen., Tallahassee, for appellant.
Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellees.
JOANOS, Judge.
The Department of Revenue has appealed a non-final order granting partial summary judgment in favor of appellees on their complaint to have Chapter 87-101, Laws of Florida, declared facially unconstitutional as impairing the obligation of contracts. We have jurisdiction, Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, and affirm in part and reverse in part.
Section 212.059, Florida Statutes (1987), providing for levy of a tax on sales, use and other transactions on the sale and use of services, was created by Chapter 87-6, Laws of Florida. Chapter 87-6, Section 31(4) provided that
[i]n the case of written contracts which are signed prior to May 1, 1987, for constructing improvements to real property, prime contractors ... responsible for performing the contract shall not be required to remit any tax on services ... provided that: ... the purchase of the service occurs before June 30, 1988.
Chapter 87-6 was approved by the Governor, and filed with the Secretary of State on April 23, 1987. On May 12, 1987, the Governor sought an advisory opinion from the Florida Supreme Court on the constitutionality of the tax. The Supreme Court thereafter issued its advisory opinion that, except as to Section 31(4), Chapter 87-6 was facially constitutional. In re Advisory Opinion to the Governor, 509 So.2d 292 (Fla. 1987).
With regard to Section 31(4), the court noted that it operated to apply the tax provisions to contracts signed prior to May 1, 1987, under which construction was not completed before June 30, 1988. The court went on to find:
The legislature filed the instant statute on April 23, 1987 and the Governor signed it into law on the following day. Once enacted into law, contractors were placed on notice that they should take their upcoming tax burden into consideration when entering into construction contracts after May 1, 1987. The act, however, does not limit its effect to this permissible burden. Instead, by retroactively placing a tax burden upon all construction contracts that are incomplete by June 30, 1988, and thereby adding an unknown, uncontemplated cost, it retroactively *175 burdens contracts that were in existence before any party could reasonably have been on notice of the impending tax.
Advisory Opinion at 314. The court concluded that "[a] statute which retroactively turns otherwise profitable contracts into losing propositions" clearly constituted impairment of contracts, and that Section 31(4) was therefore facially unconstitutional. Advisory Opinion at 314-15.
The Legislature amended Section 212.059 by Chapter 87-101, Laws of Florida. Chapter 87-101, Section 18(4) amended Chapter 87-6, Section 31(4) to provide that
in the case of written contracts which are signed prior to May 1, 1987 ... for constructing improvements to real property, prime contractors . .. responsible for performing the contract shall not be required to remit any tax on services ..., provided that the purchase of the service occurs before June 30, 1989.
Chapter 87-101 was approved by the Governor and filed with the Secretary of State on June 30, 1987.
In September 1987, appellees Florida Home Builders Association and Multicon Southeast, Inc. filed a nine-count complaint arguing that Chapter 87-101 was unconstitutional on various grounds. Appellees voluntarily dismissed eight of the nine counts when the services tax was repealed by Chapter 87-548, Laws of Florida. The remaining count alleged that Chapter 87-101, Section 18(4) unconstitutionally impaired certain contracts, namely, contracts entered into prior to May 1, 1987 but not completed by June 30, 1989, and contracts entered into between May 1, 1987 and the effective date of Chapter 87-101, July 1, 1987.
Appellees thereafter filed the instant motion for partial summary judgment alleging that, as a matter of law, Chapter 87-101 unconstitutionally impaired contracts in existence at the time of its enactment, relying primarily on Advisory Opinion. The trial court rejected the Department's argument in opposition that factual issues remained as to whether any of appellees' contracts had actually been rendered less profitable, and granted the motion, stating: "Chapter 87-101, Laws of Florida, is hereby declared unconstitutional and invalid as violative of Article I, Section 10, Florida Constitution (1968), to the extent it imposes or imposed a tax on construction services provided on contracts which existed prior to June 30, 1987."
The Department argues first that the trial court erred in granting summary judgment, in that factual issues regarding appellees' specific contracts remained to be resolved. The question of the constitutionality of a statute is a question of law for the court. Cates v. Graham, 427 So.2d 290, 291 (Fla. 3d DCA 1983), affirmed 451 So.2d 475 (Fla. 1984). Appellees herein sought a declaration that Chapter 87-101 was facially unconstitutional, that is that it could not be constitutionally applied to any factual situation. Voce v. State, 457 So.2d 541 (Fla. 4th DCA 1984), pet. for rev. den., 464 So.2d 556 (Fla. 1985). Therefore, facts regarding appellees' specific contracts, while perhaps relevant to a contention that the law was unconstitutional as applied, were unnecessary to a determination of facial constitutionality. See, e.g., Advisory Opinion, which rendered an opinion on the facial constitutionality of Chapter 87-6 "without benefit of a record or a specific factual scenario," leaving future parties free to argue "that the act is unconstitutional as applied to their particular situation." Advisory Opinion at 301-02 (emphasis supplied). Unconstitutionality as applied was never an issue herein.
The Department further contends that the trial court erred in determining that Chapter 87-101 was unconstitutional as impairing the obligation of contracts. With regard to contracts entered into prior to May 1, 1987 but not completed by June 30, 1989, we cannot agree, in that the trial court's ruling with regard to these contracts *176 comports with the rationale of Advisory Opinion.
While the Supreme Court was careful to note that Advisory Opinion was "not binding in any future judicial proceedings," so that future parties would be "free to argue that [the] advisory opinion has ... been wrongfully decided," no such argument was made herein either below or on appeal. Therefore, given the identity of the challenged provision with that found constitutionally infirm in Advisory Opinion, we follow that case and affirm the trial court's ruling as to contracts entered into prior to May 1, 1987 but not completed before June 30, 1989.
However, we must reverse the trial court's order insofar as it affects those contracts entered into between May 1, 1987 and the effective date of Chapter 87-101, July 1, 1987. Chapter 87-6 created the tax at issue herein on April 23, 1987, and "once enacted into law, contractors were placed on notice that they should take their upcoming tax burden into consideration when entering into construction contracts after May 1, 1987," which burden was "permissible." Advisory Opinion at 314. Therefore, the gravamen of the Supreme Court's opinion with regard to taxing services rendered under pre-May 1, 1987 contracts was that "it retroactively burdens contracts that were in existence before any party could have reasonably been on notice of the impending tax." Advisory Opinion at 314 (emphasis supplied).
Here, Chapter 87-101 did not enact a new tax, but simply amended the method for calculating the tax, previously created by Chapter 87-6. When contractors entered into contracts after May 1, 1987, they did so with notice of an impending tax. Under the rationale of Advisory Opinion, application of the tax to such contracts is "permissible." The June 30, 1987 effective date of the amendments to Section 212.059 effected by Chapter 87-101 is irrelevant to the existence of notice of the previously enacted tax. Therefore, the trial court erred in finding the tax unconstitutional as to contracts entered into between May 1, 1987 and June 30, 1987, and we reverse the order appealed with regard to those contracts.
We wish to comment briefly on the propriety of considering extrinsic matters such as the previous enactment of the tax, and the Supreme Court's Advisory Opinion, when considering the facial constitutionality of a discrete statutory provision. In determining the validity of a statute, extrinsic matters may be considered to the extent that they may be judicially noticed. 16 Am.Jur.2d Constitutional Law, § 232 (emphasis supplied); see also McSween v. State Live Stock Sanitary Board of Florida, 122 So. 239, 248 (Fla. 1929). General or public statutes of the state must be judicially noticed by state courts, Section 90.201(1), Florida Statutes, and judicial notice will also therefore be taken of authoritative decisions construing those statutes. 23 Fla.Jur.2d Evidence & Witnesses, § 24.
Based on the foregoing, it would have been proper for the trial court, in considering the facial constitutionality of Chapter 87-101, to take judicial notice that the tax was in existence as of May 1, 1987, and that post-May 1, 1987 contracts were therefore permissibly burdened with the tax, Advisory Opinion. The trial court having failed to do so, this court must take cognizance of these facts to hold that the trial court erred in finding the services tax unconstitutional as to contracts entered into between May 1 and June 30, 1987.
Affirmed in part and reversed in part.
WIGGINTON and ZEHMER, JJ., concur.